## (January 18, 1965)

BENNETT BROS., Respondent, v. BRACEWOOD REALTY No. 1, INC., Appellant, et al., Defendant.— In an action in which the complaint alleges two causes of action: first, an action to foreclose a mechanic's lien, and second, an action to recover for work, labor and services and for the rental of certain excavation equipment, the defendant Bracewood Realty No. 1, Inc., appeals from so much of an order of the Supreme Court, Queens County, dated October 5, 1961, as: (1) granted plaintiff's motion to amend its notice of lien, *nunc pro tunc*; and (2) denied said defendant's motion to dismiss the first cause of action for patent insufficiency. Order, insofar as appealed from, reversed, without costs; plaintiff's motion to amend the notice of lien *nunc pro tunc*, denied with leave to plaintiff, if so advised, within 30 days after entry of the order hereon, to renew said motion on notice to all interested persons, as provided by statute (Lien Law, § 12-a); and defendant Bracewood's motion to dismiss the first cause of action, denied without prejudice to renewal. While we would have affirmed the order granting plaintiff's motion to amend the notice of lien had there been compliance with the notice provisions of the statute (Lien Law, § 12-a), we cannot do so in the absence of such notice and without an opportunity to existing lienors, mortgagees or purchasers in good faith to show prejudice, if any (cf. *Matter of Heidi Constr. Corp.* [*Pacemaker Constr. Corp.*], 20 Misc 2d 58, affd. *sub nom. Matter of Pacemaker Constr. Corp.* v. *Heidi Constr. Corp.*, 12 A D 2d 643). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur. [31 Misc 2d 284.]

JOSEPH DANDRY, Respondent, v. PATRICK DANDRY et al., Appellants. — In an action for dissolution of a partnership, an accounting and other relief, defendants appeal from an order of the Supreme Court, Westchester County, dated June 30, 1964, which granted plaintiff's motion for the appointment of a receiver *pendente lite*, and which *inter alia* appointed such receiver. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, under the circumstances here, it was an improvident exercise of discretion to appoint the receiver; an early trial will adequately protect the interests of the parties (*S. Z. B. Corp.* v. *Ruth*, 14 A D 2d 678; *Glassner* v. *Kaufman*, 19 A D 2d 885). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.