■ HANNIGAN ELECTRICAL CONTRACTORS, INC., Respondent-Appellant, v SHIMON AWERBUCH et al., Individually and as Copartners Doing Business as TIBBITS ASSOCIATES, Defendants, and ROBERT A. KURTTER, Appellant-Respondent.—Yesawich, Jr., J. Cross appeals from an order of the Supreme Court at Special Term (Bradley, J.), entered July 11, 1984 in Rensselaer County, which denied plaintiff's motion and defendant Robert A. Kurtter's cross motion for summary judgment.

Because it had not been paid for electrical work performed in 1978 on property owned by defendant Tibbits Associates (Tibbits), a now defunct general partnership in the City of Troy, plaintiff filed two notices of lien upon the subject premises in the Rensselaer County Clerk's office on February 5, 1979. The notices complied in all respects with the requirements of the Lien Law, except that plaintiff's verification was not notarized.

Thereafter, on March 16, 1979, Tibbits conveyed the encumbered premises to defendant Robert A. Kurtter. However, before consummating the transaction, Kurtter became aware of plaintiff's liens and even offered to settle the dispute. Plaintiff refused, renewed its liens in January 1980 pursuant to Lien Law § 17, and then commenced the instant action against Kurtter and Tibbits to foreclose the liens. Plaintiff and Kurtter both moved for summary judgment; Tibbits defaulted. Special Term concluded that the liens were invalid for lack of notarization but declined to grant summary judgment because of perceived factual questions relating to plaintiff's claim that Kurtter is equitably estopped from contesting the liens' validity. Both parties have appealed.

Lien Law § 23, which mandates a liberal construction of that law, declares that: "substantial compliance with its several provisions shall be sufficient for the validity of a lien and

to give jurisdiction to the courts to enforce the same." That the notices of lien at issue give adequate notice of the lienor's claims is not challenged; in fact, Kurtter acknowledges that before he purchased the realty from Tibbits he was actually aware that it was encumbered with plaintiff's liens. And, significantly, Kurtter does not suggest that plaintiff's imprecise adherence to the requirements of the Lien Law was designed to insulate its bad faith or lack of bona fides of the notices (see, Rockwell v City of Syracuse, 282 NY 17, 19). There is simply no hint that omission of the notarization was other than a harmless oversight. As this is not an instance of a complete absence of statement or an erroneous statement which fails to give notice, we deem the defect in the notices of lien insubstantial and correctable under Lien Law § 12-a (see, Jensen, Mechanics' Liens §§ 221, 223 [4th ed]; Matter of Teitler v McDermott & McDonald, 306 NY 953). Accordingly, the liens should have been upheld and summary judgment entered in plaintiff's favor. This disposition renders academic the parties' remaining arguments.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for summary judgment; motion granted and summary judgment awarded in favor of plaintiff; and, as so modified, affirmed. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur. [123 Misc 2d 470.]