■ CREST/GOOD MANUFACTURING Co., INC., Appellant, v ROBERT E. BAUMANN et al., Respondents.—In a mortgage foreclosure action, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Hand, J.), dated June 6, 1988, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion is granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for the settlement, on notice, of a judgment of foreclosure and sale.

The papers submitted in connection with the plaintiff's motion establish that the defendant Robert Baumann defrauded the corporate plaintiff of a total of $130,614.62, that this fraud was discovered in 1977, and that Mr. Baumann thereafter made restitution, over the course of several years, in the sum of $34,254.35. The plaintiff also established that Robert E. Baumann and the codefendant Judith Baumann issued a deed to certain property, and that this deed was to serve as security for repayment of the debt. This much is, in fact, admitted by the defendants in their answer. The present foreclosure action was brought because, since 1982, Mr. Baumann has failed to continue making payments toward the satisfaction of his debt, the principal balance of which, according to the plaintiff, is now $94,414.62.

The plaintiff's entitlement to the remedy of foreclosure has been clearly established. The "defenses" raised by the defendants are entirely illusory. While there may be an issue of fact as to whether the defendants should be credited with $36,200 rather than only $34,254.35 as asserted by the plaintiff (and even this is questionable, since the plaintiff is willing to concede the accuracy of defendants' calculation), this circumstance does not warrant the denial of summary judgment. A dispute as to the exact amount owed by the mortgagor to the mortgagee may be resolved after a reference pursuant to RPAPL 1321, and the existence of such a dispute does not

preclude the issuance of summary judgment directing the sale of the mortgaged property (see, e.g., *Johnson v Gaughan*, 128 AD2d 756, 757). Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.