OPINION OF THE COURT
Edward H. Lehner, J.
The issue on this motion to discharge a notice of lien filed for masonry work performed on certain floors of a single condominium unit is whether the lien is invalid because it was placed against the entire building.
*566 Defendant West 56th Street Associates moves for an order, pursuant to Lien Law § 19 (6), to discharge the mechanic’s lien filed by plaintiff and to dismiss, pursuant to CPLR 3211, the first cause of action which seeks foreclosure thereof. The basis of the motion is that the lien was placed against the entire building, rather than solely against the condominium unit involved, and hence failed to adequately describe the property subject to the lien as required by subdivision (7) of section 9 of the Lien Law.
Movant also claimed a misidentification of the owner because it named as an owner, Eichner Associates, Inc., which had no direct ownership interest in the property. At oral argument the claim against Eichner was withdrawn, and movant withdrew its argument on the issue.
The subject building contains 74 stories, the upper 50 floors of which consist of residential condominiums. The lower 24 floors constitute a single commercial unit owned by movant. Plaintiff asserts that all the work it performed for which it filed a lien was on the commercial unit, it not having performed any work on the residential units.
Section 339-/ of the Real Property Law provides as follows with respect to liens against buildings owned in condominium form:
"1. Subsequent to recording the declaration and while the property remains subject to this article, no lien of any nature shall thereafter arise or be created against the common elements except with the unanimous consent of the unit owners. During such period, liens may arise or be created only against the several units and their respective common interests.
"2. Labor performed on or materials furnished to a unit shall not be the basis for the filing of a lien pursuant to article two of the lien law against the unit of any unit owner not expressly consenting to or requesting the same, except in the case of emergency repairs. No labor performed on or materials furnished to the common elements shall be the basis for a lien thereon, but all common charges received and to be received by the board of managers, and the right to receive such funds, shall constitute trust funds for the purpose of paying the cost of such labor or materials performed or furnished at the express request or with the consent of the manager, managing agent or board of managers, and the same shall be expended first for such purpose before expending any part of the same for any other purpose.”
*567 In Advanced Alarm Technology v Pavilion Assocs. (145 AD2d 582 [2d Dept 1988]), the plaintiff installed alarm and surveillance equipment for stairwell, lobby, garage and other areas of a 72-unit residential condominium. Approximately three months before the lien was filed the fee owner recorded a condominium declaration plan. Said owner moved to discharge the lien because it had been filed against the entire condominium property in violation of the above-quoted statute. The court, after noting that the lien was valid to the extent of the interest in units in the condominium owned by said former fee owner, ruled that the lien should have been summarily discharged because "the description of the property subject to the lien was inadequate since it failed to limit the lien to the particular units in the condominium, if any, which were claimed to be subject to the lien, but rather imposed a 'blanket lien’ on the entire property”. (145 AD2d, at 584.)
In Matter of Country Vil. Hgts. Condominium (79 Misc 2d 1088 [Sup Ct, Rockland County 1975]), a lien was filed for landscaping services against a condominium and a unit holder therein. The court, noting that the condominium itself had no fee interest in the premises and that the named unit owner had not consented to the work, found the lien invalid. However, since on its face the lien was valid as against the interest of the named unit owner, the court ruled that the only available basis on which the lien could be summarily discharged, pursuant to the authority of Lien Law § 19 (6), was under subdivision (7) of section 9 of that law. That section requires a proper description of the property subject to the lien. On this issue it was held that the description of the lien was inadequate because "[i]t fails to limit the lien to the particular units in the condominium, if any, which this lienor claims to be the subject of its lien.” (79 Misc 2d, at 1093.)
Although the foregoing decisions (which are the only reported cases found interpreting Real Property Law § 339-l) would appear to support movant’s position, this court believes that a different result is warranted under the facts herein. Said cases involved improvements to common elements for which subdivision (2) of section 339-Z provides that no lien at all is permitted, the Legislature providing alternative protection to suppliers by declaring that common charges received by the condominium constitute trust funds "for the purpose of paying the cost of such labor or materials performed or furnished”. Here, however, since plaintiff claims that the work *568 was performed in only one unit at the request of the owner thereof, a valid lien may be filed against that unit.
Sustaining the lien, and limiting it solely to the commercial unit in which the work was allegedly done, would not adversely affect any other owner. On the other hand, discharg- . ing the lien, based on the technical defect asserted by movant, would do violence to Lien Law § 23 which provides that such law "is to be construed liberally to secure the beneficial interests and purposes thereof’ and that "substantial compliance with its several provisions shall be sufficient for the validity of a lien”. (See, Tri-City Elec. Co. v State of New York, 96 AD2d 146 [4th Dept 1983], affd 63 NY2d 969, rearg denied 64 NY2d 755; Hannigan Elec. Contrs. v Awerbuch, 114 AD2d 740 [3d Dept 1985].)
Although plaintiff here filed the lien against more property than permissible, it has been held that the fact that a description includes more property than was directly benefited by the improvement is not necessarily fatal to the validity of the lien. (Jannotta v Noslac Realty Corp., 231 App Div 864 [2d Dept 1930].) On this issue, Judge J. Irwin Shapiro said in Blackman-Shapiro Co. v Salzberg (8 Misc 2d 972, 975 [City Ct, Queens County 1957]): "I apprehend the law to be that when the description includes too much property, but nevertheless includes and completely identifies all the property on which a lien may properly be claimed, the defect is not fatal for the lien will be limited and restricted to that part against which it may properly be enforced.”
In conclusion, since a lien may properly be filed against the commercial unit, and since it appears that the property against which the lien was filed includes said unit, the court finds that plaintiff substantially complied with the requirements for a valid lien. Therefore the motion to discharge the lien and dismiss the cause of action seeking foreclosure thereof is denied, conditioned on plaintiff filing, within 20 days after service of a copy of this order, an amended notice of lien limited solely to the commercial unit.