■ John F. Peachy, Appellant, v First 97-101 Reade Street Associates, Inc., Respondent, et al., Defendants.—Order, Supreme Court, New York County (Stuart C. Cohen, J.), entered June 17, 1991, which: (1) granted the motion of defendant, First 97-101 Reade Street Associates, Inc., to vacate, discharge and cancel a notice of mechanics' lien (Notice), and to dismiss the first cause of action, and (2) denied the cross motion of plaintiff to amend the Notice, is unanimously reversed, on the law, on the facts, and in the exercise of discretion, defendant's motion is denied, the Notice and the first cause of action are reinstated, plaintiff's cross motion is granted, so as to amend *nunc pro tunc* the Notice to state that the true name of the contractor is First 97-101 Reade Street Associates, Inc. instead of Mr. Frank Esposito, without costs.

During January 1988, Mr. John Furth Peachy alleges that Mr. Frank Esposito, then a principal in the firm of Rende & Esposito Consultants, Inc., contracted with him to perform architectual services in connection with the renovation of a building (premises), located at 97-101 Reade Street, New York County.

Thereafter, on September 13, 1990, Mr. Peachy filed a notice of mechanics' lien against the subject premises. Examination of the instant Notice indicates that the premises are owned by First 97-101 Reade Street Associates, Inc. (First), and that the name of the person who had employed Mr. Peachy, contracted with him, and for whom he performed the services, was "Frank Esposito". Further, the Notice indicates that the value of the unpaid services rendered by Mr. Peachy was $45,477.20.

In January 1991, Mr. Peachy (plaintiff) commenced an action against First (defendant), as well as other defendants, to foreclose the lien, discussed *supra* and for related relief. In response, defendant moved to vacate, cancel and discharge the lien, on the ground that plaintiff had failed to serve Mr. Esposito, as the contractor, with a copy of the notice of the lien and file proof of such service as required by section 11-b of the Lien Law. Thereafter, plaintiff cross-moved to amend *nunc pro tunc* the Notice. By order, entered June 17, 1991, the IAS Court granted the motion, and denied the cross motion. Plaintiff appeals.

While a notice of lien shall contain the name of the contractor *(see,* Lien Law § 9 [3]), "[a] failure to state the name of the true owner or contractor, or a misdescription of the true owner, shall not affect the validity of the lien" (Lien Law § 9 [7]). Further, Lien Law § 23 states, in pertinent part, "[t]his article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same".

Our examination of the record indicates that plaintiff submitted his own affidavit, dated April 5, 1991, in opposition to the motion, and in support of the cross motion. In his affidavit, plaintiff alleges, in pertinent part, that First, which owns the premises, hired him "through their officer/agent Frank Esposito * * * [and] First * * * defendant herein, maintains an office at 386 Park Avenue South, New York, New York. This address is the same address at which Frank Esposito maintains his office. In fact, the process server informs me that at the time the notice of lien was served upon First * * * Frank

Esposito was present in the office, but refused to come out to accept it".

In view of the fact that it is undisputed that Mr. Esposito hired plaintiff, that Mr. Esposito is presently affiliated with defendant, and that defendant presently owns the premises, we find that plaintiff's failure to state the true name of the contractor did not invalidate the lien, since the provisions of the Lien Law are "to be construed liberally" (Lien Law § 23; 76 NY Jur 2d, Mechanics' Liens, § 67).

Accordingly, we reverse, deny defendant's motion, and grant plaintiff's motion to amend the Notice *nunc pro tunc.* Concur —Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.