■ Long Island Savings Bank of Centereach, F.S.B., Respondent, v Jerald Denkensohn et al., Appellants, et al., Defendants. [635 NYS2d 683] —In an action to foreclose a mortgage, the defendants Jerald Denkensohn and Carol Denkensohn appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated August 25, 1993, which granted the plaintiff's motion, *inter alia,* for summary judgment against them.

Ordered that the order is affirmed, with costs.

The appellants contend that the plaintiff was required to send a notice of acceleration of mortgage debt as a condition precedent to requiring immediate payment of the entire amount of debt then remaining under the note. However, a review of the mortgage reveals that its terms unambiguously provided that upon the appellants' default in payment, the plaintiff was entitled to accelerate the entire remaining unpaid mortgage debt "without making any further demand for payment".

In addition, there is no merit to the appellants' contention that the complaint did not adequately quantify the amount due under the mortgage. In any event "[a] dispute as to the exact amount owed by the mortgagor to the mortgagee may be resolved after a reference pursuant to RPAPL 1321, and the existence of such a dispute does not preclude the issuance of summary judgment directing the sale of the mortgaged property" *(Crest/Good Mfg. Co. v Baumann,* 160 AD2d 831, 832).

The appellants' remaining contention is without merit. Balletta, J. P., O'Brien, Santucci and Florio, JJ., concur.