■ EAST COAST MINES & MATERIALS CORP., Appellant, v GOLF COURSE PROPERTIES Co. et al., Respondents. [644 NYS2d 326] ■■

The defendants Golf Course Properties Co. (hereinafter Golf Course) and Hamlet Development Corp. contend that the plaintiff's first cause of action to foreclose on a mechanic's lien was properly dismissed because the description on the lien in question included more property than was directly benefited by the improvement and is therefore fatal to the validity of the lien. We disagree *(see, Jannotta v Noslac Realty Corp.,* 231 App Div 864). As the description included too much property, but nevertheless included and identified all the property on which the lien could properly be claimed, the defect was not fatal, as the lien would be limited and restricted only to that part against which it could properly be enforced *(see, Woolf v Schaefer,* 103 App Div 567; *Kolkman v Eshelman,* 132 Misc 428, 432). Clearly, the instant lien was to cover the parcels of the golf course upon which services were rendered and materials were delivered by the plaintiff. To invalidate the lien based upon such a technical defect "would do violence to Lien Law § 23, which provides that such law 'is to be construed liberally to secure the beneficial interests and purposes thereof' and that, 'substantial compliance with its several provisions shall be sufficient for the validity of a lien' " *(Metro Masonry v West 56th St. Assocs.,* 147 Misc 2d 565, 568; *see, Peachy v First 97-101 Reade St. Assocs.,* 180 AD2d 474, 475; *Tri-City Elec. Co. v People,* 96 AD2d 146, 149, *affd* 63 NY2d 969). As the dismissal of the plaintiff's cause of action to foreclose on the lien was

granted on the ground that the lien was invalid, this dismissal was improper.

The Supreme Court improperly dismissed the plaintiff's breach of contract cause of action against the defendant Golf Course. There is sufficient evidence in the record from which one could conclude that a contract existed between those two parties.

Further, the dismissal of the plaintiff's cause of action for recovery in quantum meruit was improper, since, although a property owner who contracts with a general contractor generally does not become liable to a subcontractor on a quasi-contract theory, that is not the case when the owner expressly consented to pay for the subcontractor's performance, as did Golf Course here (cf., *Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club,* 156 AD2d 550, 551; *Custer Bldrs. v Quaker Heritage,* 41 AD2d 448, 451). Balletta, J. P., Rosenblatt, Thompson and Copertino, JJ., concur.