■ ROBERT MANNIELLO et al., Plaintiffs, and LAND DESIGN ASSOCIATES, P. C., et al., Respondents, v HOSSEIN GHADIMI, Appellant, et al., Defendants. [719 NYS2d 100] —In an action, *inter alia*, to foreclose a mechanic's lien, the defendant Hossein Ghadimi appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated May 15, 2000, as denied those branches of his motion which were to dismiss the first cause of action insofar as asserted on behalf of the plaintiff Land Design Associates, P. C., as barred by the Statute of Limitations, the first cause of action insofar as asserted on behalf of the plaintiff "Land Design Associates" on the ground that there is no such legal entity, and the fourth cause of action insofar as asserted on behalf of the plaintiff Sound Ocean Surveying on the ground of lack of privity.

Ordered that the order is affirmed insofar as appealed from, with costs.

There is no merit to the appellant's contention that the first cause of action insofar as asserted on behalf of Land Design Associates, P. C., is barred by the Statute of Limitations. The appellant engaged in a continuous course of business with both the former Land Design Associates, P. C., and its successor, Land Design Associates Consulting Group, with regard to the site development of the subject real estate project (*see, Pitta v Leggio Architects,* 259 AD2d 681; *Board of Mgrs. v Mandel,* 235 AD2d 382; *Hauppauge Union Free School Dist. v Smith Assocs.,* 216 AD2d 354; *Greater Johnstown City School Dist. v Cataldo & Waters Architects,* 159 AD2d 784). Notably, the plaintiffs Robert Manniello and Robert Brown were the principals of both businesses. Indeed, it is clear that the two entities, Land Design Associates, P. C., and Land Design Associates Consulting Group, are effectively united in interest such that their claims stand together (*see, Buran v Coupal,* 87 NY2d 173; *Brock v Bua,* 83 AD2d 61). Thus, the action was timely commenced on behalf of Land Design Associates, P. C., as measured from the completion of performance by Land Design Associates Consulting Group.

Furthermore, affording the Lien Law its appropriately liberal construction to protect the beneficial interests of lienors (*see, East Coast Mines & Materials Corp. v Golf Course Prop. Co.,* 228 AD2d 545) the misidentification of the lienor as "Land Design Associates" on the notice of mechanic's lien is a curable defect that does not require dismissal of the lien (*see, Peachy v First 97-101 Reade St. Assocs.,* 180 AD2d 474).

The appellant's remaining contentions are without merit. Ritter, J. P., S. Miller, Friedmann and Smith, JJ., concur.