■ JOSEPH DENOYELLES et al., Appellants-Respondents, v MICHAEL GALLAGHER, Respondent-Appellant. [817 NYS2d 318]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.),entered December 8, 2005, as denied that branch of their motion which was to strike the answer pursuant to CPLR 3126, and the defendant cross-appeals, as limited by his brief, from so much of the same order as granted the plaintiffs leave to renew that branch of their motion which was to strike the answer after further discovery, and as granted that branch of the plaintiffs' motion which was for an award of costs against the defendant.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Actions should be resolved on their merits wherever possible, and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter vested in the broad discretion of the trial court (*see Pascarelli v City of New York,* 16 AD3d 472 [2005]; *Traina v Taglienti,* 6 AD3d 524 [2004]; *Espinal v City of New York,* 264 AD2d 806 [1999]). "[T]he drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Harris v City of New York,* 211 AD2d 663, 664 [1995] [citations omitted]; *see also Mendez v City of New York,* 7 AD3d 766, 767 [2004]; *Lestingi v City of New York,* 209 AD2d 384, 385 [1994]).

Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to strike the answer since there has not been "a clear showing" (*Harris v City of New York, supra* at 664) that the defendant's conduct, and in particular his late disclosure of certain medical records, was either willful, contumacious, or in bad faith. The Supreme Court also properly assessed costs against the defendant since the late disclosure caused financial prejudice to the plaintiffs (*see Riley v ISS Intl. Serv. Sys.,* 304 AD2d 637 [2003]).

The parties' remaining contentions are without merit. Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.