■ James V. Zizzi Contracting Corp., Respondent, v 115 Flying Point, LLC, Also Known as 115 Flying Point Road, LLC et al., Appellants, et al., Defendants. [835 NYS2d 209]—

In an action to foreclose a mechanic's lien, the defendant 115 Flying Point, LLC, also known as 115 Flying Point Road, LLC, appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 6, 2006, as denied, in effect, as academic, that branch of its motion, made jointly with the defendants Barbara Sullivan and Christina Magidson, which was to discharge, as defective, a mechanic's lien and granted that branch of the plaintiff's cross motion which was for leave to amend the notice of mechanic's lien, and (2) from stated portions of a judgment of the same court entered February 23, 2006 upon the order; and the defendants Barbara Sullivan and Christina Magidson also appeal from the same order and judgment.

Ordered that the appeals by the defendants Barbara Sullivan and Christina Magidson are dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the appeal by the defendant 115 Flying Point, LLC, also known as 115 Flying Point Road, LLC, from the order dated January 6, 2006, is dismissed; and it is further,

Ordered that the judgment entered February 23, 2006, is affirmed insofar as appealed from by the defendant 115 Flying Point, LLC, also known as 115 Flying Point Road, LLC; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant 115 Flying Point, LLC, also known as 115 Flying Point Road, LLC.

The appeal by the defendant 115 Flying Point, LLC, also known as 115 Flying Point Road, LLC, from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defect in the verification in the notice of mechanic's lien filed by the plaintiff is subject to amendment (*see Matter of Teitler v McDermott & McDonald,* 306 NY 953 [1954], *affg* 282 App Div 953 [1953]; Lien Law § 12-a [2]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's cross motion which was for leave to amend the notice of mechanic's lien, and properly denied, in effect, as academic, that branch of the motion which was to discharge, as defective, the mechanic's lien. Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.