OPINION OF THE COURT
Thomas F. Whelan, J.
It is ordered that this motion (No. 001) by the plaintiff for summary judgment dismissing all affirmative defenses asserted in the answer of defendant, Carole Ann Hebb, and in favor of the plaintiff on its complaint and for the appointment of a referee to compute is considered under CPLR 3212 and Real Property Law § 339-aa and is denied.
The plaintiff commenced this action to foreclose a lien for unpaid assessments and other charges which the plaintiff has asserted against the residential real property of defendant, Carole Ann Hebb. According to the complaint served and filed herein, the defendant’s residential real property is situated within the residential development managed by the plaintiff under the terms of duly recorded declaration and bylaws. The plaintiff alleges that defendant Hebb failed to pay monthly assessments for annual charges due the plaintiff and failed to pay a special assessment totaling $869 for restoration of a portion of a common area which Hebb allegedly altered in violation of the plaintiffs bylaws and/or house rules.
The answer served and filed herein by defendant Hebb contains the following two affirmative defenses: (1) that the notice of lien filed by the plaintiff with the office of the Suffolk County Clerk is invalid due to the plaintiffs failure to verify same as required by Real Property Law § 339-z; and (2) that the asserted lien is invalid in that it includes the $869 assessment for restoration, which is not a charge to which the plaintiffs lien may attach.
*586 By the instant motion, the plaintiff seeks an order awarding it summary judgment on its complaint against answering defendant Hebb. To succeed on any such motion, the plaintiff must establish that defendant Hebb’s affirmative defenses are without merit and that Hebb failed to pay duly issued assessments due the plaintiff under the terms of its filed declarations and bylaws. In this regard, the plaintiff claims that its failure to verify its notice of lien is a harmless defect and that its inclusion of the $869 restoration fee as part of the amount due under the lien does not constitute a defense to the plaintiffs claims for foreclosure. Defendant Hebb opposes the plaintiffs motion by relying on her two pleaded affirmative defenses, both of which are, according to Hebb, meritorious.
The plaintiffs asserted lien for unpaid common and other charges which the members of the plaintiff homeowners’ association agreed to pay upon their purchase of a home within the boundaries of the plaintiffs residential development is a creature of New York’s Condominium Act (hereinafter Act). Codified as article 9-B of the Real Property Law, the Condominium Act provides a lien for unpaid common charges in favor of a board of managers of a condominium complex established in accordance with the Act or any incorporated association likewise established (see Real Property Law §§ 339-v, 339-z). Common charges are defined as “each unit’s proportionate share of the common expenses” (see Real Property Law § 339-e [2]). Common expenses are defined as “expenses of operation of the property” and “all sums designated common expenses by or pursuant to the provisions of this article, the declaration or the by laws” (see Real Property Law § 339-e [4]).
Perfection of the lien for unpaid common and other charges contemplated by Real Property Law § 339-z is governed by Real Property Law § 339-aa. The first sentence thereof provides that the lien is effective from and after the filing in the office of the recording officer in which the declaration is filed a verified notice of lien stating, among other things, the name and address of the property, the liber and page of the recorded declaration, the name of the record owner of the subject unit and the amount and purpose for which due.
Here it is not disputed that the plaintiffs lien was not “verified” as required by Real Property Law § 339-aa. Rather, the plaintiff’s notice of lien as filed in the office of the Suffolk County Clerk was acknowledged by an agent of the plaintiff. Defendant Hebb claims that the failure of the plaintiff to have *587 filed a verified notice of lien renders said lien unenforceable by way of foreclosure. In response, the plaintiff claims that the absence of a verification of the notice of lien does not defeat the plaintiffs right to foreclose by reason of the following: (1) the plaintiffs notice of lien is not subject to the verification requirements of Real Property Law § 339-aa because the plaintiff is not a condominium but rather a homeowners’ association and the lien is for “assessments” not common charges; (2) the Suffolk County Clerk recorded said notice of lien; and (3) many unverified liens have been successfully foreclosed upon in court actions commenced in this and other counties.
Neither side has offered any case authorities in support of their respective positions and the court has found none decided under Real Property Law § 339-d et seq. on the verification issue in dispute herein. The court nevertheless rejects as unmeritorious the plaintiffs claim that its filing of an unverified notice of lien gave rise to an enforceable lien which is subject to foreclosure in this action.
The plaintiffs claim that its notice of lien is not subject to the verification requirements of Real Property Law § 339-aa because the plaintiff is not a condominium but rather a homeowners’ association is in conflict with the provisions of Real Property Law § 339-v (1) (a). Pursuant thereto, an incorporated body, such as the plaintiff, may act in the place and stead of the board of managers referred to throughout article 9-B of the Real Property Law. In addition, the plaintiffs claim that its lien is not one arising under Real Property Law § 339-z because it is not one for unpaid common charges but rather is one for assessments is in conflict with the definitions of common charges and common expenses set forth at Real Property Law § 339-e (2) and (4). Finally, the plaintiffs claim that neither its lien nor its notice thereof is subject to Real Property Law article 9-B is belied by the terms of said notice of lien. Review of said notice reveals that it clearly and unequivocally denotes the plaintiffs lien as one arising under Real Property Law § 339-z. The plaintiffs attempt to disavow the Condominium Act as controlling not only its lien, but this action, is thus rejected as unmeritorious.
The plaintiffs further claim that the recording of its unverified lien by the Suffolk County Clerk rendered the absence of a verification inconsequential is equally lacking in merit. It is well established that the recording of a document by a recording officer is a ministerial act which has no effect upon the validity or *588 propriety of the document recorded or of the accuracy of its terms (see Matter of MERSCORP, Inc. v Romaine, 8 NY3d 90 [2006]). The plaintiffs further assertion that the unverified nature of its notice of lien does not render it unenforceable in this action because many unverified liens have been foreclosed upon is clearly an unavailing contention.
Under these circumstances, the court finds that a notice of lien filed pursuant to Real Property Law § 339-aa that is not verified as required by said statute does not give rise to an effective lien that is subject to enforcement in a foreclosure action where, as here, an objection to the unverified nature of said notice of lien has been properly asserted. In making such finding, the court is fully cognizant that Real Property Law § 339-aa provides that the lien arising under Real Property Law § 339-z may be foreclosed in a suit in the like manner as one for foreclosure of a mortgage on real property and that the filing of a verified notice of lien is not required in such actions.
Nevertheless, the filing of a verified notice of lien is required by Lien Law § 9 (7) and is a condition precedent to the successful prosecution of an action to foreclose a mechanic’s lien (see Empire Pile Driving Corp. v Hylan Sanitary Serv., 32 AD2d 563 [2d Dept 1969]; Fries v Bray, 279 App Div 8 [4th Dept 1951]). Since Real Property Law § 339-aa contains a like requirement for the filing of a verified notice of lien, it appears that the failure to verify the statements contained in the notice of lien renders a lien for unpaid common charges ineffective and precludes foreclosure of said lien until the defect is remedied.
Unlike Lien Law § 12-a, which provides a statutory remedy of amendment in cases wherein a notice of lien contains a nonsubstantive defect such as a missing verification (see James V. Zizzi Contr. Corp. v 115 Flying Point, LLC, 38 AD3d 844 [2d Dept 2007]), the Condominium Act contains no corresponding provision. In light, however, of the liberal interpretation to which the Condominium Act is entitled under Real Property Law § 339-ii and the provisions of Real Property Law § 339-aa wherein it states that “nothing contained therein shall affect or impair or release the unit from the lien for such common charges or impair or diminish the rights of the manager or the board of managers on behalf of the unit owners under this section and section three hundred thirty-nine-z,” this court finds that a missing verification may be corrected upon motion for leave to file an amended notice of lien interposed by the plaintiff in a foreclosure action.
*589 The plaintiffs motion for summary judgment is thus denied as the plaintiff failed to demonstrate that the defendant’s first affirmative defense is without merit.
The court further finds that the defendant’s second affirmative defense, which challenges the inclusion of the $869 restoration expense as a charge upon which the plaintiffs lien may attach, also has merit. The restoration fee at issue was incurred by the plaintiff when it restored common area property that had allegedly been altered and/or modified by defendant Hebb. The plaintiff claims that it properly added said expense to the assessment due from defendant Hebb, which unpaid assessment is the subject of the lien for which foreclosure is demanded in , this action. However, the plaintiff fails to cite any provision of the Condominium Act or the declaration and bylaws of the plaintiff which authorize it to recoup the cost of repair or the restoration of common areas damaged or disturbed by members or owners responsible for such damage by adding such cost to assessments due the unit or home of said owner or member.
Review of the declaration and bylaws filed by the plaintiff reveals that neither contain a provision authorizing the plaintiff to collect costs incurred by it in repairing any damage to common areas by adding said cost to the assessments levied against the member or owner who is legally responsible for said damage. While there is a provision for the collection of amounts due by reason of the repair, maintenance and/or restoration of lots in disrepair by adding such costs to the assessments to which the home is subject (see declaration, art IX, exterior maintenance § 2 [disrepair of lots]), the contested $869 charge herein is not alleged to have been incurred as a result of the disrepair of defendant Hebb’s lot. Rather, Hebb is charged with the disturbance of a common area. The remedy for violations of the provisions prohibiting alterations, modifications and misuse in any manner of common areas is the attachment of liability to members and/or owners for any damage thereto that is caused by such member or owner or any person for whom they are legally responsible and actions at law to recover same (see Real Property Law § 339-j; declaration, art XI, § 1 [t], [u]; bylaws, art VIII, § 5 [5]).
However, the improper inclusion of the $869 restoration expense as part of the amount of the plaintiffs lien does not defeat the plaintiffs right to foreclose, but instead, bears solely upon the propriety of the claimed amount due under the asserted lien. In cases wherein a valid lien is asserted and the *590 plaintiff has prevailed on a motion to appoint a referee to compute amounts due under the subject lien, case authorities have held that it is within the province of said referee to determine the validity of the disputed amounts allegedly due the lienor by reason of his or her asserted lien (see Long Is. Sav. Bank of Centereach, F.S.B. v Denkensohn, 222 AD2d 659 [2d Dept 1995]; Crest/Good Mfg. Co. v Baumann, 160 AD2d 831 [2d Dept 1990]). The court thus finds that the defendant’s second affirmative defense, while meritorious with respect to the issue of the amount and/or scope of the plaintiffs lien, does not provide a legal defense in bar which would defeat the plaintiffs right to foreclose a duly asserted lien for unpaid assessments of common charges.
In view of the foregoing, the instant motion by the plaintiff for summary judgment dismissing the affirmative defenses asserted in the answer of Hebb and for summary judgment in favor of the plaintiff is denied. Plaintiffs further demand for the appointment of a referee to compute is also denied as such relief is not available unless summary judgment in favor of the plaintiff has been awarded against all answering defendants and/or all nonanswering defendants have been adjudicated to be in default (see RPAPL 1321; Vermont Fed. Bank v Chase, 226 AD2d 1034 [3d Dept 1996]). Here, the plaintiff’s motion for summary judgment against the answering defendant has been denied and the plaintiff failed to demonstrate its entitlement to a default judgment against the remaining defendants pursuant to CPLR 3215 and RPAPL 1321. The plaintiffs motion is thus denied in its entirety.