In an action, inter alia, to foreclose a mechanic’s lien, the defendant Leonard Kinsman appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Troia, J.), dated April 10, 2015, as denied his motion to discharge the mechanic’s lien as defective pursuant to Lien Law § 9 (7), to dismiss the cause of action to foreclose the mechanic’s lien pursuant to CPLR 3211 (a), and to cancel the notice of pendency pursuant to CPLR 6514, and granted that *1110 branch of the plaintiffs cross motion which was for leave to amend the notice of mechanic’s lien nunc pro tunc, and (2), as limited by his brief, from so much of an order of the same court dated September 30, 2015, as, upon reargument, adhered to the original determination in the order dated April 10, 2015, and as granted the plaintiff’s cross motion for leave to amend the complaint to add a reference to the amended notice of mechanic’s lien.
Ordered that the appeal from the order dated April 10, 2015, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 30, 2015, made upon reargument; and it is further,
Ordered that the order dated September 30, 2015, is modified, on the law, (1) by deleting the provision thereof, upon re-argument, adhering to the determination in the order dated April 10, 2015, granting that branch of the plaintiff’s cross motion which was for leave to amend the notice of mechanic’s lien nunc pro tunc, and substituting therefor a provision, upon re-argument, vacating the determination in the order dated April 10, 2015, granting that branch of the plaintiff’s cross motion which was for leave to amend the notice of mechanic’s lien nunc pro tunc, and thereupon denying that branch of the plaintiff’s cross motion without prejudice to a further application by the plaintiff to amend the notice of mechanic’s lien on proper notice to all interested persons as required by Lien Law § 12-a (2), and (2) by deleting the provision thereof granting the plaintiff’s cross motion for leave to amend the complaint to add a reference to the amended notice of mechanic’s lien, and substituting therefor a provision denying the plaintiff’s cross motion without prejudice to renewal; as so modified, the order dated September 30, 2015, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against, among others, the defendant Leonard Kinsman, inter alia, to foreclose a mechanic’s lien. Kinsman subsequently moved to discharge the mechanic’s lien, to dismiss the cause of action to foreclose the mechanic’s lien, and to cancel a notice of pendency that had been filed. The plaintiff cross-moved for, inter alia, leave to amend the notice of mechanic’s lien. In an order dated April 10, 2015, the Supreme Court, among other things, denied Kinsman’s motion and granted that branch of the plaintiff’s cross motion which was for leave to amend the notice of mechanic’s lien.
Kinsman thereafter moved for, inter alia, leave to reargue his prior motion and, in effect, to reargue his opposition to that *1111 branch of the plaintiffs prior cross motion which was to amend the notice of mechanic’s lien. The plaintiff opposed Kinsman’s motion and cross-moved for leave to amend the complaint to add a reference to the amended notice of mechanic’s lien. In an order dated September 30, 2015, the Supreme Court granted Kinsman leave to reargue, but, upon reargument, adhered to its original determination in the order dated April 10, 2015. The court also granted the plaintiff’s cross motion for leave to amend the complaint to add a reference to the amended notice of mechanic’s lien.
Contrary to Kinsman’s contention, the defect in the original notice of mechanic’s lien filed by the plaintiff was subject to amendment (see Lien Law § 12-a [2]; Matter of Teitler v McDermott & McDonald, 306 NY 953 [1954], affg 282 App Div 953 [1953]; James V. Zizzi Contr. Corp. v 115 Flying Point, LLC, 38 AD3d 844, 845 [2007]). Inasmuch as the defect in the notice of mechanic’s lien was subject to amendment, the Supreme Court properly denied those branches of Kinsman’s motion which were to discharge the mechanic’s lien as defective pursuant to Lien Law § 9 (7), to dismiss the cause of action to foreclose the mechanic’s lien pursuant to CPLR 3211 (a), and to cancel the notice of pendency pursuant to CPLR 6514 (see Matter of B.G. Schefa Dev. Corp. v Peragine, 285 AD2d 547, 548 [2001]).
However, Lien Law § 12-a (2) provides that a party seeking to amend a notice of mechanic’s lien must give “five days’ notice to existing lienors [and] mortgagees.” Since the plaintiff concededly failed to comply with the notice provisions of Lien Law § 12-a (2), its motion to amend the notice of mechanic’s lien should have been denied without prejudice to a further application by the plaintiff to amend the notice of mechanic’s lien on proper notice to all interested persons as required by Lien Law § 12-a (2) (see Matter of Nimke v Inta-State, Inc., 34 AD2d 675 [1970]; Bennett Bros. v Bracewood Realty No. 1, 23 AD2d 498 [1965]). Accordingly, upon reargument, the Supreme Court should have vacated the determination in the order dated April 10, 2015, granting that branch of the plaintiff’s cross motion which was for leave to amend the notice of mechanic’s lien, nunc pro tunc and thereupon denied that branch of the plaintiff’s cross motion without prejudice to a further application by the plaintiff for leave to amend the notice of mechanic’s lien on proper notice to all interested persons as required by Lien Law § 12-a (2). The court also should have denied, without prejudice to renewal, the plaintiff’s cross motion for leave to amend the complaint to include a reference to the amended *1112 mechanic’s lien.
Rivera, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.