■ In the Matter of CAFS MGMT. CORP., Appellant, v Q REALTY & DEVELOPMENT, INC., Respondent. [39 NYS3d 216]—

In a proceeding pursuant to Lien Law § 19 (6) to summarily discharge a mechanic's lien, the petitioner appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated May 30, 2014, which denied the petition and granted the respondent's motion pursuant to CPLR 404 (a) to dismiss the petition and pursuant to Lien Law § 12-a to amend the notice of lien nunc pro tunc.

Ordered that the order is affirmed, with costs.

The petitioner, CAFS Mgmt. Corp. (hereinafter CAFS), commenced this proceeding pursuant to Lien Law § 19 (6) to summarily discharge a mechanic's lien on the grounds that the entity listed as lienor on the notice of lien, Q Realty & Development, Inc., was not a licensed corporation at the time the work was performed, and because the notice of lien was not filed within four months after the last day work was performed or materials were furnished to the subject property. Q Realty & Development Group Corp., incorrectly sued herein as Q Realty & Development, Inc. (hereinafter the respondent), moved pursuant to CPLR 404 (a) to dismiss the petition, and pursuant to Lien Law § 12-a, to amend the notice of lien nunc pro tunc.

Contrary to CAFS's contention, affording the Lien Law its liberal construction to protect the beneficial interests of lienors (*see* Lien Law § 23; *East Coast Mines & Materials Corp. v Golf Course Props. Co.*, 228 AD2d 545 [1996]), the misidentification of the lienor on the notice of lien was a nonjurisdictional defect capable of amendment pursuant to Lien Law § 12-a (2) (*see Vitale Dev. Group, Inc. v Kinsman,* 138 AD3d 1109, 1111 [2016]; *Johnson v Robertson*, 63 AD3d 690 [2009]; *James V. Zizzi Contr. Corp. v 115 Flying Point, LLC*, 38 AD3d 844, 845 [2007]; *Manniello v Ghadimi*, 279 AD2d 460 [2001]; *Peachy v First 97-101 Reade St. Assoc.*, 180 AD2d 474, 475-476 [1992]). Moreover, in support of its motion to dismiss the petition, the respondent demonstrated that the notice of lien was timely filed within the eight-month limitations period applicable to multifamily dwellings (*see* Lien Law § 10 [1]). In opposition, CAFS failed to submit sufficient proof that the lien is related to real property improved or to be improved with a single-family dwelling.

Accordingly, the Supreme Court properly granted the respondent's motion to dismiss the petition and to amend the notice of lien nunc pro tunc. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.