◼ Park Side Construction Contractors, Inc., Respondent, v Bryan's Quality Plus, LLC, Defendant/Third-Party Plaintiff-Appellant, and Rossana Storani et al., Appellants. Darwin National Assurance Company et al., Third-Party Defendants-Respondents. [68 NYS3d 90]—

Appeal from a judgment of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered November 3, 2016. The judgment, insofar as appealed from, after a nonjury trial, (1) dismissed the counterclaims asserted by the defendants Rossana Storani and Bryan Gallagher and the defendant third-party plaintiff, Bryan's Quality Plus, LLC, as against the plaintiff, (2) dismissed the third-party complaint asserted by the defendant third-party plaintiff, Bryan's Quality Plus, LLC, and (3) directed the defendant third-party plaintiff, Bryan's Quality Plus, LLC, to deliver certain property to the plaintiff.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This action arises out of contractual disputes pertaining to two construction projects. In May 2013, Park Side Construction Contractors, Inc. (hereinafter Park Side), entered into subcontracts with Bryan's Quality Plus, LLC (hereinafter BQP), a "piling contractor," for drilling services at a construction site in Brooklyn and another in Manhattan.

In the middle of drilling at the Brooklyn site, BQP encountered difficulties with the soil, which required that it make changes to the means and methods of drilling. When BQP completed the project, it sought additional payments from Park Side to cover expenses arising from the changes, which Park Side rejected.

On the Manhattan site, BQP never had an opportunity to start drilling because there was a stop-work order in effect.

Before it learned of the stop-work order, BQP acquired materials for the project. Park Side made payments for the materials. BQP kept the materials in storage with the expectation that construction would soon commence. However, Park Side hired a different subcontractor to perform drilling on the Manhattan site.

In January 2014, BQP filed notices of mechanic's lien for the sums of $711,637.63 and $410,337, respectively, representing the additional work it performed on the Brooklyn site, and an allegedly unpaid balance for materials provided to, and work performed in connection with, the Manhattan site. The liens were subsequently discharged pursuant to Lien Law § 19 (4) by the filing of undertakings in an amount that represented 110% of each lien. Darwin National Assurance Company (hereinafter Darwin) served as surety for Park Side on both lien discharge bonds.

In February 2014, Park Side commenced this action against BQP, its president, Rossana Storani, and her husband, Bryan Gallagher (hereinafter collectively the BQP parties), seeking, inter alia, (1) an order of seizure over the materials that it had purchased for, and which BQP never delivered to, the Manhattan site, (2) a declaration that the mechanic's liens were void pursuant to Lien Law § 39, and (3) damages for the amounts demanded by the liens in excess of the costs of materials or labor actually provided, together with costs and attorneys' fees. The BQP parties asserted counterclaims seeking, inter alia, to foreclose on the mechanic's liens, and damages for Park Side's alleged breach of the subcontracts. In June 2014, BQP commenced a third-party action against, among others, Darwin, as surety to Park Side, to foreclose on the mechanic's liens.

In December 2014, Park Side moved for the summary discharge of the mechanic's liens, arguing that the notices for the liens were fatally flawed because BQP provided a post office box address, rather than the address for its principal place of business in New York State. The BQP parties cross-moved for leave to amend the notices of mechanic's lien nunc pro tunc. In an order entered July 21, 2015, the Supreme Court denied Park Side's motion, and granted the BQP parties' cross motion.

Park Side appealed from that order. Although, for the reasons set forth in our decision and order on the related appeal, that appeal was dismissed (see Park Side Constr. Contrs., Inc. v Bryan's Quality Plus, LLC, 156 AD3d 803 [2017] [decided herewith]), the issues raised therein are brought up for review on the appeal herein from the judgment (see CPLR 5501 [a] [1]; Matter of Aho, 39 NY2d 241, 248 [1976]).

The BQP parties subsequently moved, inter alia, to strike Park Side's pleadings pursuant to CPLR 3126 for failing to comply with a court order directing the disclosure of certain discovery. The motion was denied. Following a nonjury trial, the Supreme Court determined that Park Side was entitled to an order of seizure over the materials that were intended for the Manhattan site for which it had paid. The court found that there was a lack of credible evidence supporting the other various claims. Accordingly, the court dismissed Park Side's remaining causes of action, all of the counterclaims asserted by the BQP parties, and BQP's third-party complaint. A judgment was entered, and this appeal by the BQP parties ensued.

Initially, contrary to Park Side's contention, affording the Lien Law its liberal construction to protect the beneficial interests of lienors (*see* Lien Law § 23; *Matter of CAFS Mgmt. Corp. v Q Realty & Dev., Inc.*, 143 AD3d 892, 893 [2016]; *East Coast Mines & Materials Corp. v Golf Course Props. Co.*, 228 AD2d 545 [1996]), the use of a post office box address rather than the address of a foreign corporation's principal place of business within the state is a nonjurisdictional defect capable of amendment pursuant to Lien Law § 12-a (2) (*see Matter of CAFS Mgmt. Corp. v Q Realty & Dev., Inc.*, 143 AD3d at 893; *Vitale Dev. Group, Inc. v Kinsman*, 138 AD3d 1109, 1111 [2016]; *Johnson v Robertson*, 63 AD3d 690, 690 [2009]). Thus, the Supreme Court properly denied Park Side's motion to summarily discharge the liens, and granted the BQP parties' cross motion for leave to amend the notices.

In addition, the Supreme Court providently exercised its discretion in denying that branch of the BQP parties' motion which was to strike Park Side's pleadings pursuant to CPLR 3126. In general, the nature and degree of the penalty to be imposed pursuant to CPLR 3126 rests within the discretion of the motion court (*see Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010]; *Raville v Elnomany*, 76 AD3d 520, 521 [2010]). "[W]hen a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is well within the Trial Judge's discretion [to strike a pleading]" (*Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]). "Strong public policy, however, favors the resolution of cases on the merits" (*Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d at 800; *see Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727, 728 [2007]; *Denoyelles v Gallagher*, 30 AD3d 367, 368 [2006]). Accordingly, the "drastic remedy" of the striking of a pleading pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands

or orders is willful and contumacious (*Household Fin. Realty Corp. of N.Y. v Cioppa*, 153 AD3d 908, 910 [2017] [internal quotation marks omitted]; *see Cobenas v Ginsburg Dev. Cos., LLC*, 74 AD3d 1269, 1269 [2010]). Here, the court providently exercised its discretion in determining that striking Park Side's pleadings pursuant to CPLR 3126 was not warranted because the BQP parties failed to demonstrate that Park Side engaged in a willful and contumacious pattern of noncompliance with disclosure requests or court-ordered discovery (*see Kanic Realty Assoc., Inc. v Suffolk County Water Auth.*, 130 AD3d 876, 877 [2015]; *Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d at 801).

Moreover, contrary to the BQP parties' contention, the Supreme Court did not err in dismissing their counterclaims, the third-party complaint, or in directing BQP to deliver to Park Side the materials that were intended for the Manhattan site. "In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (*BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Bryant v Broadcast Music, Inc.*, 143 AD3d 934, 935 [2016]). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (*Bennett v Atomic Prods. Corp.*, 132 AD3d 928, 930 [2015]; *see Neiss v Fried*, 127 AD3d 1044, 1046 [2015]). Here, in light of the evidence presented at trial, and giving the Supreme Court's credibility determinations due deference (*see Gomez v Eleni, LLC*, 122 AD3d 797, 798-799 [2014]; *DSM, Inc. v Paul Reiser Excavating, Inc.*, 112 AD3d 576 [2013]), we find no basis to disturb the court's determinations.

Park Side's remaining contention is without merit. Leventhal, J.P., Chambers, Maltese and Duffy, JJ., concur.