Bank of Am., N.A. v Terry (2019 NY Slip Op 07940)





Bank of Am., N.A. v Terry


2019 NY Slip Op 07940


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-01992 
2017-01993
 (Index No. 7754/13)

[*1]Bank of America, N.A., respondent,
v
Gerald Terry, etc., appellant, et al., defendant.


Gerald Terry, Warwick, NY, appellant pro se.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gerald Terry appeals from two orders of the Supreme Court, Orange County (Nicholas DeRosa, J.), both dated January 18, 2017. The first order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him and granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against him. The second order, insofar as appealed from, granted that branch of the plaintiff's cross motion which was for an order of reference.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On February 9, 2007, the defendant Gerald Terry (hereinafter the defendant) executed a note in favor of Somerset Investors Corp. promising to repay a loan of $261,000. The defendant secured the note with a mortgage on residential property located in Warwick. On June 2, 2010, the defendant executed a loan modification agreement resulting in a new principal balance in the amount of $282,038.65. The note and mortgage were assigned to the plaintiff on March 1, 2012. In December 2012, the plaintiff agreed to a five-month forebearance on the loan, with payments to resume on June 1, 2013.
On September 20, 2013, the plaintiff commenced this action to foreclose the mortgage, alleging that the defendant was in default. The defendant, acting pro se, interposed an answer, and subsequently moved pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. By order dated January 18, 2017, the Supreme Court, inter alia, denied the defendant's motion and granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against the defendant. By separate order, also dated January 18, 2017, the court, inter alia, granted that branch of the plaintiff's cross motion which was for an order of reference. The defendant appeals.
We agree with the Supreme Court's determination denying the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him, and granting those branches of the plaintiff's cross motion which were for summary judgment on the complaint [*2]insofar as asserted against him and for an order of reference. The defendant's contention that the loan modification agreement is unenforceable because it was not executed by the plaintiff or recorded is belied by the fact that the defendant executed the agreement and made payments provided for in the agreement for several years prior to his default thereon, thus demonstrating that he considered the agreement to be valid and effective (see Verela v Citrus Lake Dev., Inc., 53 AD3d 574, 575).
The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (U.S. Bank N.A. v Sabloff, 153 AD3d 879, 880 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Adlerstein, 171 AD3d 868). Here, the plaintiff submitted the mortgage, the note, and evidence of default (see Bank of N.Y. Mellon v Aiello, 164 AD3d 632). Moreover, the plaintiff established that it had standing to commence this action by demonstrating that it had physical possession of the original note, properly endorsed, at the time the action was commenced (see U.S. Bank N.A. v Clement, 163 AD3d 742).
The defendant failed to raise a triable issue of fact in opposition. "A dispute as to the exact amount owed by the mortgagor to the mortgagee may be resolved after a reference pursuant to RPAPL 1321, and the existence of such a dispute does not preclude the issuance of summary judgment directing the sale of the mortgaged property" (Crest/Good Mfg. v Baumann, 160 AD2d 831, 831-832; see Long Is. Sav. Bank of Centereach, F.S.B. v Denkensohn, 222 AD2d 659, 660).
The defendant's contention that the plaintiff's failure to record the loan modification agreement violated the provisions of the federal Home Affordable Modification Program is raised for the first time on appeal and is not properly before this Court (see Bank of Am., N.A. v Afflick, 172 AD3d 1146, 1147).
The defendant's remaining contentions are without merit.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court