M. M. v Macerich Prop. Mgt. Co., LLC (2023 NY Slip Op 04114)

M. M. v Macerich Prop. Mgt. Co., LLC

2023 NY Slip Op 04114

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-06678
 (Index No. 702961/18)

[*1]M. M., etc., appellant, 
v
Macerich Property Management Company, LLC, et al., respondents.

Greenberg Law P.C., New York, NY (Jennifer A. Shafer of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains, NY (Patrick J. Lawless of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered August 27, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion pursuant to CPLR 3126 to strike the defendants' answer for spoliation of evidence.
ORDERED that the order is affirmed, with costs.
The infant plaintiff, by her mother and natural guardian, commenced this action to recover damages for injuries she allegedly sustained when a dog bit her outside of a shopping mall owned and operated by the defendants. The defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the defendant's motion and cross-moved pursuant to CPLR 3126 to strike the defendants' answer for spoliation of evidence. In an order entered August 27, 2020, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
Strict liability can be "imposed against a person other than the owner of an animal which causes injury if that person harbors or keeps the animal with knowledge of its vicious propensity. However, no liability can be found against a defendant who neither owned, harbored, nor exercised dominion and control over the animal, and did not permit it to be on or in his or her premises" (Matthew H. v County of Nassau, 131 AD3d 135, 144 [internal citations omitted]; see Deloach v Nicholson, 171 AD3d 700, 701). "[T]he occasional presence of a dog in a premises does not rise to the level of harboring" (Matthew H. v County of Nassau, 131 AD3d at 145).
Here, the defendants established, prima facie, that they neither harbored nor exercised dominion and control over the dog that bit the plaintiff, and did not permit the dog to be on their premises. The plaintiff failed to raise a triable issue of fact in opposition.
The Supreme Court providently exercised its discretion in denying the plaintiff's cross-motion pursuant to CPLR 3126 to strike the defendants' answer for spoliation of evidence. "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that [*2]claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see S.W. v Catskill Regional Med. Ctr., 211 AD3d 890).
"Striking a pleading is a drastic sanction, and in the absence of willful or contumacious conduct, courts will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness" (S.W. v Catskill Regional Med. Ctr., 211 AD3d at 892 [internal quotation marks omitted]). "[A] less severe sanction or no sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case" (N.H.R. v Deer Park Union Free Sch. Dist., 180 AD3d 823, 824 [internal quotation marks omitted]). "The Supreme Court has broad discretion in determining the appropriate sanction, if any" (S.W. v Catskill Regional Med. Ctr., 211 AD3d at 892).
Contrary to the defendants' contentions, the plaintiff demonstrated that the defendants had an obligation to preserve surveillance footage depicting the events leading up to the attack and the attack itself. Given the nature of the plaintiff's injuries and the immediate documentation and investigation into the accident by the defendants' employees, the defendants were on notice of possible litigation and thus under an obligation to preserve any evidence that might be needed for future litigation (see Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676; SM v Plainedge Union Free Sch. Dist., 162 AD3d 814, 818). Even so, the Supreme Court providently exercised its discretion in determining that the extreme sanction of striking the defendants' answer was not warranted because the plaintiff failed to demonstrate that the defendants' conduct was willful or contumacious, or that the plaintiff was deprived of the ability to prove her claim (see S.W. v Catskill Regional Med. Ctr., 211 AD3d 890; N.H.R. v Deer Park Union Free Sch. Dist., 180 AD3d at 825; Park Side Constr. Contrs., Inc. v Bryan's Quality Plus, LLC, 156 AD3d 804, 807).
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court