James Fyfe, Appellant, *v.* Sound Development Company, Inc., et al., Defendants, and Fidelity and Deposit Company of Maryland, Respondent.

**Mechanic's lien — contents of notice of lien — not necessary to state both agreed price and value of work — notice stating agreed price and value of labor and materials furnished to be " cost plus ten per cent " sufficient.**

1. Subdivision 4 of section 9 of the Lien Law (Cons. Laws, ch. 33), which specifies what a notice of mechanic's lien shall contain, does not require that both the agreed price and the value of the labor and materials furnished shall be stated. The law is complied with if the agreed price is given *or* the value stated of the work done or materials furnished.

2. Where under a contract the agreed price for labor and materials to be furnished was cost plus ten per cent, a notice of mechanic's lien which stated that the agreed price and value of labor and materials furnished under said contract " is cost plus ten per cent (10%) " is sufficient and it is unnecessary to state the cost price, especially in view of section 23 of the Lien Law which requires that its terms and provisions shall be construed liberally and that a substantial compliance shall be sufficient for the validity of the lien. (*Bradley & Currier Co.* v. *Pacheteau,* 71 App. Div. 148; 175 N. Y. 492; *Toop* v. *Smith,* 181 N. Y. 283, 287; *Finn* v. *Smith,* 186 N. Y. 465; *Flaum* v. *Piccaretto,* 226 N. Y. 438, 471, distinguished.)

*Fyfe* v. *Sound Development Co.,* 202 App. Div. 842, reversed.

(Argued February 26, 1923; decided March 13, 1923.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 4, 1922, affirming a judgment in favor of defendant, respondent, entered upon an order of Special Term granting its motion for judgment upon the pleadings and directing, as to it, a dismissal of the complaint.

*Townsend Scudder* and *George Morton Levy* for appellant. The statute has, at the very least, been in form fully complied with, and so the notice of lien is sufficient.

(*Bradley & Currier Co.* v. *Pacheteau,* 71 App. Div. 149; 175 N. Y. 492.) In substance, as well as in form, has the plaintiff complied with the statute. (*Finn* v. *Smith,* 186 N. Y. 465; *Mitchell* v. *Dunmore Realty Co.,* 126 App. Div. 829; *Mahley* v. *German Bank,* 174 N. Y. 499.)

*Manton Marks* for respondent. The notice of lien is fatally defective. (*Lincoln Bank* v. *Pierce,* 98 Misc. Rep. 325; *New Jersey Co.* v. *Robinson,* 85 App. Div. 512; 178 N. Y. 632; *Hunter* v. *Walter,* 128 N. Y. 668; *Mitchell* v. *Dunmore Realty Co.,* 126 App. Div. 829; *Finn* v. *Smith,* 186 N. Y. 465; *Flaum* v. *Piccaretto,* 226 N. Y. 468; *Bradley & Currier Co.* v. *Pacheteau,* 71 App. Div. 148; 175 N. Y. 492; *Levin* v. *Hessberg,* 135 App. Div. 155.)

CRANE, J. This is an action brought to foreclose a mechanic's lien wherein the Fidelity and Deposit Company of Maryland has been made a party by reason of its having given an undertaking to discharge the lien. Upon a motion made by the company for judgment on the pleadings, the mechanic's lien as filed has been held to be bad.

The complaint alleges that one James M. Townsend was the owner of the premises in question and that the Sound Development Company, Inc., was in possession of the same through the acts and consent of the owner. Paragraph seven of the complaint reads as follows:

" That on or about the month of November, 1920, plaintiff entered into an oral agreement with the defendant, Sound Development Company, to perform such work, labor and services and to furnish such goods, wares and materials for the building and rebuilding of certain hoppers, elevators, tracks and the doing of other work on the screening plant, structures and buildings on said premises as should thereafter from time to time be ordered and directed by said defendant, and said defendant agreed monthly to pay plaintiff therefor the cost thereof, plus ten percent."

The complaint then goes on to allege the completion of the contract by the doing of work and furnishing materials during the months of February, March and April of 1921, the amount which became due and the balance payable. It further alleges that on or about the 16th day of May, 1921, and within four months after the last items of said work were performed, and the last items of said materials were furnished, the plaintiff duly filed a notice of lien in the office of the clerk of Nassau county, a copy of which is annexed to the complaint. Continuing, the complaint also alleges that on the second day of June, 1921, the Sound Development Company filed with the clerk of the county of Nassau an undertaking duly executed by the defendants in the sum of $6,500 conditioned for the payment of any judgment which might be rendered against said property in any action brought by the plaintiff for the enforcement of the lien.

To this complaint the defendant, the Fidelity and Deposit Company of Maryland, answered, denying any knowledge or information as to the allegations of the complaint, and setting up as a partial defense that any indebtedness had been partially paid, discharged and satisfied.

A motion was thereupon made by this defendant for judgment on the pleadings on the ground that the mechanic's lien did not comply with the provisions of the Lien Law (Cons. Laws, ch. 33) and was, therefore, null and void. A copy of the lien annexed to the complaint stated as follows:

"(4) The labor performed was building and rebuilding hoppers, elevators, tracks, and doing other additional work on the sand screening plant on said land."

" The labor to be performed is None."

" The materials furnished was lumber, iron work, machine parts, piping, fittings, hardware, etc."

" The material to be furnished is None."

" The agreed price and value of said labor is cost plus ten per cent (10%)."

" The agreed price and value of said material is cost plus ten per cent (10%)."

"(5) The amount unpaid to the lienor for such labor and material is $5,467.03."

The Special Term was of the opinion that this notice of lien was defective in that it did not state in figures the contract price or the value of said labor and material; that stating the agreed price as contained in the contract was insufficient. Judgment was thereupon given for this defendant, which has been affirmed by the Appellate Division, one justice dissenting.

We cannot agree with the courts below and think this notice of lien sufficiently complied with the provisions and purposes of the Lien Law.

Section 9 of the Mechanics' Lien Law (Laws of 1909, chapter 38, as amended) specifies what the notice of lien shall contain. Subdivision 4 of this section reads as follows:

" The labor performed or materials furnished and the agreed price or value thereof, or materials actually manufactured for but not delivered to the real property and the agreed price or value thereof."

This subdivision does not require that both the agreed price and the value of the labor and materials furnished shall be stated. The law is complied with if the agreed price is given *or* the value stated of the work done or materials furnished.

The agreed price means the price agreed upon by the contract of employment or of purchase. As alleged in the complaint the contract in this case called for cost plus ten per cent payable monthly. This was the contract or agreed price. The claimant, therefore, in attempting to comply with this section, subdivision 4, of the Lien Law, stated exactly and accurately what the agreed price was — cost plus ten per cent. He could not state,

truthfully, that the cost, as *he* figured it, subsequent to the making of the contract, or as it developed during the progress of and up to the completion of the work, was the agreed price. The contractor, the Sound Development Company, Inc., agreed to pay cost plus ten per cent (10%), but, speaking strictly, did not agree in the alleged contract to pay a specific or definite amount; that is, a given figure. The cost as ascertained by the plaintiff might be and could be disputed by the development company, and yet the contract not be violated. This is what has happened. The complaint states the cost price and alleges that the parties have agreed to the amount. This the answer denies. The plaintiff might have alleged in figures the cost price under that provision of the Lien Law which permitted him to state the value of the work done instead of the contract price. But as he had the alternative and chose to state the agreed price, he stated it in the very words of the contract.

When we remember that the Mechanics' Lien Law contemplates that the claimant may prepare his own papers (*Hurley* v. *Tucker*, 128 App. Div. 580), and that section 23 of the law requires that the terms and provisions shall be construed liberally, and that a substantial compliance shall be sufficient for the validity of the lien, it seems to us that the notice of lien in this instance came within the law.

The following cases relied upon are not in point:

*Bradley & Currier Co.* v. *Pacheteau* (71 App. Div. 148; 175 N. Y. 492) was clearly not a compliance with the Lien Law, as it existed, prior to the amendment of 1916, chapter 507, section 4. The law then required the notice of lien to state the labor performed, or to be performed, or materials furnished, or to be furnished, and the agreed price or value thereof. A lien which did not separate and value the labor performed from the labor unperformed, but gave a lump sum as the valuation

of both was not a compliance with the law. This has nothing to do with the case here.

In *Toop* v. *Smith* (181 N. Y. 283, 287) the notice of lien recited that " the labor performed and materials furnished, and the agreed price or value thereof is as follows: Under and by virtue of a contract partly written and partly oral made with the said Smith, Coope and Shuttleworth above mentioned, according to specifications in writing and drawings of the improvements herein mentioned, on or about February 24th, 1898, April 25th, 1899, and September 25th, 1899." This was held not to be a compliance with the Lien Law as it then stood, although it was stated in the opinion as follows:

" It may be that if the specifications and drawings mentioned in the notice had been attached to the latter, there would have been a substantial compliance with the statute, but it seems to us there can be no doubt that a mere general reference to specifications and drawings that may not even be in existence at the time of filing the notice of lien cannot be a sufficient compliance with the subdivision of the statute under discussion."

*Finn* v. *Smith* (186 N. Y. 465) involves similar facts and the same kind of notice as found in the *Bradley & Currier Case* (*supra*) and is distinguished for the same reason.

In *Flaum* v. *Piccaretto* (226 N. Y. 468, 471) the notice of lien stated that " the labor performed is all carpenter work upon said houses, as per said contract; two of said houses ready for plastering and third house completed for plastering except five partitions. That the labor to be performed is completion of said houses as per contract." The notice failed to state the contract or agreed price or even the value of the work performed.

The other objections made to this lien, in our opinion, are without merit. The one which we have here discussed is the only one referred to and sustained by the courts below. Differing from them as to the sufficiency

of this notice of lien the judgments appealed from should be reversed, with costs in all courts, and the defendant's motion for judgment on the pleadings denied, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and ANDREWS, JJ., concur; McLAUGHLIN, J., absent.

Judgments reversed, etc.