In the Matter of the Application of SAMUEL COHEN, Respondent, to Cancel and Discharge a Mechanic's Lien Filed by MAXIS ENGINEERING & CONSTRUCTION COMPANY, INC., Appellant. (Appeal No. 2.)

Second Department, May 9, 1924.

Liens — mechanic's lien — motion under Lien Law, § 59, to discharge lien for failure to prosecute — notice to commence action was served under said section — prior to last day to commence action motion to discharge lien as invalid was made — summons was given to process server on last day but service was not made until day after — Lien Law construed liberally as provided in § 23 — motion to discharge for failure to prosecute should not have been determined until motion to discharge as invalid was determined — lien should be discharged for failure to prosecute only where failure is clear and unequivocal — motion to discharge for failure to prosecute should have been denied — lienor did not seek to harass owner by filing lien.

A motion to discharge a mechanic's lien for failure to prosecute should not have been determined by the court until after the determination of a motion to discharge the same lien as invalid, where it appears that after the lien was filed a notice was served on the lienor under section 59 of the Lien Law to commence action within thirty days; that prior to the termination of that period the owner moved to discharge the lien as invalid; and that the summons in an action brought to comply with the notice served under section 59 of the Lien Law was given to the process server on the last day on which an action could be commenced under the notice, but it was not served until the day after.

The Lien Law should be construed liberally as provided in section 23 thereof. The lienor is not to be deprived of his lien by any strict or technical construction of the statute. His lien should not be discharged for failure to prosecute within the time specified unless such failure is clear and unequivocal and without justification.

Accordingly, in this case, where it appears that the lienor after endeavoring to have the time extended placed a summons in the hands of the process server on the last day specified in the notice to him to begin action, and the summons was served and the action actually begun before the motion to discharge for failure to prosecute was argued, the court, in the exercise of discretion, should not have discharged the lien.

Furthermore, the court was not justified in deciding upon the affidavits that the lienor sought to harass and annoy the owner rather than to collect the money which he claimed was due.

APPEAL by the lienor, Maxis Engineering & Construction Company, Inc., from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 26th day of February, 1924, granting petitioner's motion to discharge a mechanic's lien for failure to prosecute.

*William J. Carr* [*Robert P. Patterson* with him on the brief], for the appellant.

*Meier Steinbrink* [*Frank E. Johnson* with him on the brief], for the respondent.

JAYCOX, J.:

The lienor, Maxis Engineering & Construction Company, Inc. (hereinafter referred to as the Maxis Company), appeals from an order discharging a mechanic's lien for failure to prosecute.

On the 27th day of June, 1923, the above-named lienor entered into a contract with Samuel Cohen for the erection of a building on the corner of Jamaica avenue and One Hundred and Eleventh street, borough of Queens. During the progress of the work and when the erection of the walls up to the first floor was completed, the owner ordered the Maxis Company to stop all work on the building. The Maxis Company refused to recognize its discharge and refused to leave the premises and this resulted in proceedings in the Magistrate's Court, and the steel contractor and Mr. Isaacs, the president of the Maxis Company, were held for the Court of Special Sessions, the owner claiming that the foundation walls had been condemned and were unsafe. The Maxis Company continuing to insist that it had the right to go on with its work, on October 23, 1923, the owner brought an action against it to restrain it from interfering with the owner and the erection of this building. An order to show cause with a temporary injunction was granted, the hearing upon the return of the order twice adjourned at the

request of the Maxis Company and finally an injunction *pendente lite* was granted by default December 7, 1923.

On October 6, 1923, the Maxis Company filed a lien for $73,845, the full amount of the contract. Pursuant to section 59 of the Lien Law a notice was served upon the lienor requiring it to commence an action within thirty days. No action was commenced and a motion to discharge the lien was granted. The order granting the motion was resettled and entered December 18, 1923. The next step by the lienor was the filing of a new lien on December 29, 1923, for $22,000. A notice to commence an action upon this lien was served pursuant to the above-cited section of the Lien Law January 4, 1924, returnable February 7, 1924. This notice gave the lienor until and including February 5, 1924, to begin an action. The lienor had been represented by various attorneys and on February 2, 1924, the present attorneys were substituted as attorneys for the lienor. On January 28, 1924, the owner made a motion to cancel and discharge this lien as invalid. That motion was argued but was undetermined at the time this motion came on to be heard. On February 5, 1924, Mr. Carr, of Webb & Patterson's office, attorneys for the lienor, telephoned Mr. Steinbrink's office, attorney for Samuel Cohen, talked with Mr. Johnson of that office and asked that the motion to discharge the lien for lack of prosecution be withdrawn upon condition that the Maxis Company start suit in a specified time after the determination of the other motion, thus saving his client from the liability to costs that might result from an action. This proposition was refused and a summons was at once placed in the hands of a process server but he failed to make service that day and service was not effected until February 6, 1924, at eleven o'clock P. M. This was the situation when this motion came on at Special Term on February seventh.

The view the learned judge took at Special Term is indicated by the memorandum which he wrote. He said: " The whole course of conduct of the lienor has not been such as to invite any favor from the court in extending the time to begin an action to foreclose the lien. It is evident that the lien filed was for the purpose of harassing and annoying the owner."

Upon the argument of this appeal it was stated that the first lien filed was invalid because an old printed form was used. The Lien Law had been amended after that form was printed and the lien filed did not comply with the amended law.

The appellant urges that the two motions were inconsistent with each other; that the lienor should not be compelled to begin an action while a motion to cancel and discharge the lien as invalid

27

was pending. This contention makes a strong appeal to the equitable powers of the court, and the Special Term, in the exercise of its discretion, should have held this motion to await the determination of the other motion. The lienor is not to be deprived of his lien by any strict or technical construction of the statute. This is clearly indicated by the provisions of the law itself. Section 23 thereof provides: " This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same." This provision of the statute has received a broad and liberal construction, and a mechanic who has put his work and materials into a building has been permitted to retain his lien unless his default in complying with the provisions of the statute has been clear and unequivocal. In *Jackson Co.* v. *Haven* (87 App. Div. 236) the court, by Patterson, J., speaking of a provision similar to section 59 of the Lien Law, said: " Section 3417 of the Code of Civil Procedure is not a statute of limitation, nor does it make it compulsory upon the court to order the cancellation of a lien upon the failure of the lienor to begin a suit after notification to commence an action within thirty days after the time specified in the notice. It is a permissive statute, clothing the court with discretionary power. It is in no sense mandatory, and the lien does not fall by a non-compliance with the notice.    *    *    *    The intention of it [the notice] was clearly to enable the owner to require the lienor to test the validity of his lien speedily and to give to the court the power to vacate or discharge the lien in case the action was not commenced, or sufficient reason presented to the court excusing the lienor for not commencing the action in the time named in the notice."

In *Matter of Selwyn Realty Corporation* (184 App. Div. 355) the court held that an attempted commencement of the action by the delivery of the summons to the sheriff was sufficient to excuse the lienor.

Upon the argument the attorney for the owner asserted that the delivery of the summons to the sheriff would have been sufficient in this case and he makes the same assertion in his brief. Although the action here was not begun within the time limited in the notice, the action was actually begun before the motion was argued, and it seems to me it was not a wise exercise of discretion or within the spirit and purpose of the act to grant the motion under these circumstances. The lienor by the actual commencement of the action showed its good faith, and I think the court was not justified in deciding upon affidavits that the lienor

sought to harass and annoy the owner rather than to collect the money which it claimed was due.

I recommend that the order discharging the mechanic's lien be reversed upon the law and the facts. with costs, and the motion denied, without costs.

KELLY, P. J., RICH, MANNING and YOUNG, JJ., concur.

Order discharging mechanic's lien reversed upon the law and the facts, with costs, and motion denied, without costs.