In the Matter of the Application of JOHN J. MURDOCK, Owner, Respondent, to Cancel and Discharge of Record a Mechanic's Lien Filed by JOHN E. KLEIST, as Claimant, Appellant, in the Office of the Clerk of the County of Westchester on October 7, 1936, against Property Situated at Larchmont Manor, Bounded on the North by Larchmont Avenue, on the East by Cherry Avenue, and on the South by Monroe Avenue, Known as Ervilla Park, Larchmont Manor, County of Westchester, State of New York.

Second Department, February 26, 1937.

*Charles Stein* [*Julius Giller* with him on the brief], for the appellant.

*Martin E. King,* for the respondent.

PER CURIAM. This proceeding was instituted by the owner, the respondent here, to procure an order vacating and canceling a notice of mechanic's lien filed against real property by the appellant for services rendered as an architect. The grounds of the motion were that the notice did not comply with subdivisions 1 and 4 of section 9 of the Lien Law. The motion was granted.

The stating of the claimant's business address instead of his residence in the notice did not violate the provisions of subdivision 1 of section 9 of the Lien Law. Furthermore, it is not shown that any substantial right of the owner was prejudiced by the statement of the business address of the claimant, and, therefore, the mistake should be disregarded. (Civ. Prac. Act, § 105.) Claimant's failure to state in his notice of lien any alleged agreed price or value of the architectural plans and specifications as materials furnished, apart from the labor performed in their preparation and supervision, was not violative of subdivision 4. The notice as filed was in substantial compliance with the requirements of the statute. (Lien Law, § 23; *Fyfe* v. *Sound Development Co.,* 235 N. Y. 266, 270; *Gates & Co.* v. *Nat. Fair & Exposition Assn.,* 225 id. 142, 155, 156; *Matter of Core Joint Concrete Pipe Corp.* v. *Paino Bros., Inc.,* 247 App. Div. 746; *Fournier* v. *Mauro,* 240 id. 766; modfd., Id. 855.)

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ., concur.

Order vacating a notice of mechanic's lien reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.