■ HUDSON DEMOLITION CO., INC., Appellant, v ISMOR REALTY CORP., Respondent.—In an action to foreclose a mechanic's lien, plaintiff appeals from so much of a money judgment of the Supreme Court, Nassau County, entered January 7, 1977, as, after a nonjury trial, denied foreclosure of the lien. Judgment affirmed insofar as appealed from, with costs. In our view plaintiff-appellant's notice of lien failed to comply with the requirements of subdivision 7 of section 9 of the Lien Law. The block and lot description placed within the notice of lien described an adjacent property. The fact that the face sheet of the notice of lien contained the proper address of the property on which plaintiff sought to place its lien does not make the lien valid and did not constitute substantial compliance with the statute. The face sheet was not an integral part of the notice of lien, and thus a party examining the pertinent part of the notice would not be able to identify the premises intended to be described with reasonable certainty, to the exclusion of all others (cf. *Hurley v Tucker,* 128 App Div 580; *Roshirt, Inc. v Rosenstock,* 138 Misc 515). Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.

■ KAREN MALONE, Petitioner, v E & J MILK FARM, INC., et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated August 31, 1977, which affirmed a determination of the State Division of Human Rights which dismissed the complaint for lack of probable cause. Order affirmed and proceeding dismissed, without costs or disbursements. The record amply demonstrates that petitioner was paid less than certain male employees because she lacked the extensive prior experience and expertise which those male employees possessed and not because of unlawful discrimination based upon sex and marital status. Titone, J. P., Rabin, Shapiro and Cohalan, JJ., concur.