■ FREMAR BUILDING CORP., Respondent, v GREGORY A. SAND, Also Known as GREGORY SAND, et al., Appellants, et al., Defendants. — In an action, *inter alia,* to foreclose a mechanic's lien, the appeal is from an order of the Supreme Court, Suffolk County (McInerney, J.), entered June 15, 1983, which (1) denied appellants' motion for partial summary judgment dismissing so much of plaintiff's cause of action as sought to foreclose a mechanic's lien, to vacate and discharge plaintiff's notice of lien and to cancel plaintiff's notice of pendency; and (2) granted plaintiff's cross motion, *inter alia,* to amend its notice of lien *nunc pro tunc* pursuant to section 12-a of the Lien Law, to amend its notice of pendency, and to amend the complaint.

Order affirmed, with costs.

The key issue on this appeal is whether Special Term erred in permitting the plaintiff to amend its notice of lien pursuant to subdivision 2 of section 12-a of the Lien Law in order to correct the description of the parcel of realty upon which the appellants' house is situated from "Lot No. 97" on map B of a subdivision known as Asharoken Beach in the Village of Northport to "Lots Nos. 95 and 96". It is undisputed that the plaintiff performed certain construction work on appellants' marital residence pursuant to a written contract which described the subject premises as "a one-family dwelling * * * on a plot of land owned by [appellants] and known as Lot No. 97, Map B of Asharoken Beach"; that the actual lot numbers of the premises are lots Nos. 95 and 96; and that the proper street address is 141 Asharoken Avenue, Northport, New York. Unfortunately, however, the notice of mechanic's lien filed by the plaintiff on or about March 29, 1982 described the property which was its intended subject as "Lot No. 97 as shown on 'Map B of Asharoken Beach' * * * Premises commonly known as: 141 Asharoken Avenue, Northport, New York", which is only partially correct. It is, however, as has already been indicated, the same description which was included in the parties' written contract. Notably, lot No. 97 is an unimproved adjacent parcel which is owned by defendant Gregory A. Sand individually.

Under the facts of the instant case, Special Term was correct in allowing the proposed amendment, as subdivision 2 of section 12-a of the Lien Law provides, inter alia, that "the court may, upon five days' notice to existing lienors, mortgagees and owner, make an order amending a notice of lien upon a public or private improvement, nunc pro tunc [provided only that] no amendment shall be granted to the prejudice of an existing lienor, mortgagee or purchaser in good faith, as the case may be". Clearly, no such prejudice has been demonstrated herein.

*Hudson Demolition Co. v Ismor Realty Corp.* (62 AD2d 980) is not to the contrary, as the court therein was merely asked to determine the legal sufficiency of an unamended notice of lien which did *not* contain within its body the proper street address of the property against which the plaintiff was seeking to assert its lien. Accordingly, since the only description of the subject realty contained in the body of the notice was the block and lot designation of an *adjoining* parcel, the court was forced to conclude that the statute had not, as required, been substantially complied with (Lien Law, § 23). Notably, no question as to the propriety of an amendment was decided in that case.

In this case, however, it is indisputable that the description of the realty contained in the notice of lien was at least partially correct, and that the premises in question is "commonly known

as: 141 Asharoken Avenue, Northport, New York". Accordingly, while the incorporation in the notice of the incorrect lot number might indeed have rendered the notice imperfect, the same would not appear to preclude an amendment in the absence of prejudice (see Lien Law, § 12-a, subd 2; *Avon Elec. Supplies v Goldsmith,* 54 AD2d 552; *Matter of Piscitell v Caccamo,* 278 App Div 890; *Matter of Thomas J. Dorsey, Inc.,* 240 App Div 1005; see, also, Jensen, Mechanics' Liens [4th ed], §§ 219-223, pp 236-240). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.