◼ In the Matter of B. G. Schefa Development Corp., Appellant, v Michael Peragine, Doing Business as Peragine Construction & Maintenance Contractors, Respondent. DeStaso Enterprises, Ltd., Additional Respondent. [727 NYS2d 908] —In a proceeding pursuant to Lien Law § 19 (6) to discharge a mechanic's lien, B. G. Schefa Development Corp. appeals from an order of the Supreme Court, Rockland County (Weiner, J.), entered March 1, 2000, which denied its petition, granted the cross petition of Michael Peragine, d/b/a Peragine

Construction & Maintenance Contractors, to amend the notice of lien nunc pro tunc pursuant to Lien Law § 12-a, and denied the motion of DeStaso Enterprises, Ltd., to dismiss the cross petition insofar as asserted against it.

Ordered that the appeal from so much of the order as denied the motion of DeStaso Enterprises, Ltd., is dismissed, as the appellant is not aggrieved by that portion of the order (see, CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that Michael Peragine, d/b/a Peragine Construction & Maintenance Contractors, is awarded one bill of costs.

The Supreme Court properly denied the petition to discharge the mechanic's lien filed by the respondent, Michael Peragine, d/b/a Peragine Construction & Maintenance Contractors (hereinafter Peragine), as the notice of lien substantially complied with the requirements of Lien Law § 9 (see, Fyfe v Sound Dev. Co., 235 NY 266; Matter of Nimke v Inta-State, Inc., 34 AD2d 675). Further, the Supreme Court providently exercised its discretion in granting Peragine's cross petition to amend the notice of lien nunc pro tunc, inter alia, to correct certain typographical errors (see, Lien Law § 12-a [2]).

The appellant's remaining contentions are without merit. Altman, J. P.; Krausman, McGinity and Cozier, JJ., concur.