Matter of Malbro Constr. Servs., Inc. v Straightedge Bldrs., Inc. (2020 NY Slip Op 06792)





Matter of Malbro Constr. Servs., Inc. v Straightedge Bldrs., Inc.


2020 NY Slip Op 06792


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-04104
 (Index No. 610901/17)

[*1]In the Matter of Malbro Construction Services, Inc., appellant, 
v
Straightedge Builders, Inc., respondent.


Victor M. Serby, Woodmere, NY, for appellant.
The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Michelle C. Englander of counsel), for respondent.



DECISION & ORDER
In a proceeding, inter alia, pursuant to Lien Law § 19(6) to summarily discharge certain mechanic's liens, the petitioner appeals from a judgment of the Supreme Court, Nassau County (George R. Peck, J.), entered February 9, 2018. The judgment, insofar as appealed from, denied that branch of the petition which was to summarily discharge the subject mechanic's liens and dismissed the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In August 2017, the respondent, Straightedge Builders, Inc. (hereinafter Straightedge), filed individual mechanic's liens against five real properties located in Brooklyn and Queens, listing, among others, the name of its employer, the petitioner, Malbro Construction Services, Inc. (hereinafter Malbro). Shortly thereafter, Malbro commenced the instant proceeding, inter alia, to cancel and discharge the liens, alleging that the notices of lien were facially defective (see Lien Law § 19[6]). Straightedge opposed the petition. By judgment entered February 9, 2018, the Supreme Court denied that branch of the petition which was to summarily discharge the liens and dismissed the proceeding. Malbro appeals.
As is relevant here, Lien Law § 19(6) provides, with respect to a mechanic's lien for a private improvement, that a court may summarily discharge of record the alleged lien when "the notice of lien is invalid by reason of failure to comply with the provisions of" Lien Law § 9 (Lien Law § 19[6]). In determining the validity of a notice of lien, the requirements of the Lien Law are "to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same" (Lien Law § 23; see Matter of Mengel Co., Inc. [Kensington Vil., Inc.], 281 App Div 530, 532; Matter of Cohen, 209 App Div 415, 418).
Here, "affording the Lien Law its liberal construction to protect the beneficial interests of lienors" (Park Side Constr. Contrs., Inc. v Bryan's Quality Plus, LLC, 156 AD3d 804, 806; see Lien Law § 23), the notices of lien substantially complied with the requirements of Lien Law § 9 (see Matter of Ross Sch. v E. Woodworking Specialties, Inc., 291 AD2d 407, 407; Matter [*2]of B. G. Schefa Dev. Corp. v Peragine, 285 AD2d 547, 548; Matter of Murdock v Kleist, 250 AD 127; Brooks v Dinnerstein, 247 AD 848). Accordingly, we agree with the Supreme Court's determination denying that branch of the petition which was to summarily discharge the liens and dismissing the proceeding.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court