Matter of Matrix Staten Is. Dev., LLC v BKS-NY, LLC (2022 NY Slip Op 02795)

Matter of Matrix Staten Is. Dev., LLC v BKS-NY, LLC

2022 NY Slip Op 02795

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2018-04840
 (Index No. 85029/18)

[*1]In the Matter of Matrix Staten Island Development, LLC, et al., petitioners-respondents, 
v
BKS-NY, LLC, appellant, et al., respondent.

Trenk, DiPasquale, Della Fera & Sodono, P.C., New York, NY (Margreta M. Morgulas and Paul Hollander of counsel), for appellant.
Faegre Drinker Biddle & Reath LLP, New York, NY (Marsha J. Indych and Kenneth J. Wilbur, pro hac vice, of counsel), for petitioners-respondents.

DECISION & ORDER
In a proceeding, inter alia, pursuant to Lien Law § 19(6) to summarily discharge certain mechanic's liens, BKS-NY, LLC, appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated March 15, 2018. The order, insofar as appealed from, granted those branches of the petition which were, in effect, (1) to summarily discharge a mechanic's lien dated January 2, 2018, and filed by BKS-NY, LLC, insofar as asserted against the petitioners, (2) to direct the Richmond County Clerk's Office to vacate and discharge the subject lien insofar as asserted against the petitioners, and (3) for a determination that the amount claimed in the subject mechanic's lien was willfully exaggerated, and thereupon, for a hearing to determine the amount of damages sustained by the petitioners, inter alia, pursuant to Lien Law § 39-a.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the petition which were, in effect, (1) to summarily discharge the subject mechanic's lien insofar as asserted against the petitioners, (2) to direct the Richmond County Clerk's Office to vacate and discharge the subject lien insofar as asserted against the petitioners, and (3) for a determination that the amount claimed in the subject mechanic's lien was willfully exaggerated, and thereupon, for a hearing to determine the amount of damages sustained by the petitioners, inter alia, pursuant to Lien Law § 39-a, are denied.
BKS-NY, LLC (hereinafter BKS), filed a mechanic's lien dated January 2, 2018 (hereinafter the composite mechanic's lien). The composite mechanic's lien identified the real property subject to the lien, the alleged owners of the real property subject to the lien, and the amounts allegedly due for certain unreimbursed material and labor.
The petitioners, Matrix Staten Island Development, LLC, and Matrix Construction Services, LLC, commenced this special proceeding against BKS and another respondent. The petition sought, inter alia, in effect, to summarily discharge the composite mechanic's lien insofar as asserted against the petitioners, (2) to direct the Richmond County Clerk's Office to vacate and discharge the subject lien insofar as asserted against the petitioners, and (3) for a determination that the amount claimed in the composite mechanic's lien was willfully exaggerated, and, thereupon, for [*2]a hearing to determine the amount of damages sustained by the petitioners, inter alia, pursuant to Lien Law § 39-a. In the order appealed from, dated March 15, 2018, the Supreme Court, among other things, granted those branches of the petition. We reverse the order insofar as appealed from.
"Lien Law § 19(6) provides, with respect to a mechanic's lien for a private improvement, that a court may summarily discharge of record the alleged lien when 'the notice of lien is invalid by reason of failure to comply with the provisions of' Lien Law § 9" (Matter of Malbro Constr. Servs., Inc. v Straightedge Bldrs., Inc., 188 AD3d 1068, 1068, quoting Lien Law § 19[6]; see Rivera v Dept. of Hous. Preserv. & Dev. of the City of N.Y., 29 NY3d 45, 51). "Thus, to be summarily discharged, the notice of lien must be invalid on its face" (Matter of Old Post Rd. Assoc., LLC v LRC Constr., LLC, 177 AD3d 658, 659). "When there is no defect on the face of the notice of lien, any dispute regarding the validity of the lien must await the lien foreclosure trial" (id. at 659). "In determining the validity of a notice of lien, the requirements of the Lien Law are 'to be construed liberally to secure the beneficial interests and purposes thereof'" (Matter of Malbro Constr. Servs., Inc. v Straightedge Bldrs., Inc., 188 AD3d at 1068, quoting Lien Law § 23). "'A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same'" (Matter of Malbro Constr. Servs., Inc. v Straightedge Bldrs., Inc., 188 AD3d at 1068, quoting Lien Law § 23).
Here, the composite mechanic's lien was facially valid and the Supreme Court should not have summarily discharged it. Contrary to the petitioners' contention, the composite mechanic's lien was not invalid because of a failure to apportion the work and material furnished between the four parcels of real property that were identified in the composite mechanic's lien. The requirement to do so "applies where several transactions, involving the improvement of distinct parcels of property, have been effected at the request of independent owners" (Matter of Niagra Venture v Sicoli & Massaro, 77 NY2d 175, 181-182). Here, the petitioners failed to establish that the individual and independent lot owners identified in the composite mechanic's lien hired BKS in separate and distinct transactions. Furthermore, the composite mechanic's lien was not invalid on its face merely because it identified multiple lots by their respective tax block and lot designations (see East Coast Mines & Materials Corp. v Golf Course Props. Co., 228 AD2d 545, 546). Unlike the lien at issue in Hudson Demolition Co. v Ismor Realty Corp. (62 AD2d 980), the composite mechanic's lien in this case identified the proper block and lot designations for each of the four lots (see Fremar Bldg. Corp. v Sand, 104 AD2d 1025, 1026; cf. Hudson Demolition Co. v Ismor Realty Corp., 62 AD2d at 980). Under the circumstances, the court erred in granting those branches of the petition which were, in effect, (1) to summarily discharge the composite mechanic's lien insofar as asserted against the petitioners, and (2) to direct the Richmond County Clerk's Office to vacate and discharge the composite mechanic's lien insofar as asserted against the petitioners (see generally Matter of Malbro Constr. Servs., Inc. v Straightedge Bldrs., Inc., 188 AD3d at 1068-1069; Matter of Old Post Rd. Assoc., LLC v LRC Constr., LLC, 177 AD3d at 660).
The Supreme Court also should not have summarily determined that branch of the petition which alleged that the amount claimed in the composite mechanic's lien was willfully exaggerated. "Pursuant to Lien Law § 39, the court may declare a lien void and deny recovery if the lienor has willfully exaggerated the amount claimed" (Guzman v Estate of Fluker, 226 AD2d 676, 678). This Court has held that the remedy in Lien Law § 39-a is "available only where the lien was valid in all other respects and was declared void by reason of willful exaggeration after a trial of the foreclosure action" (Guzman v Estate of Fluker, 226 AD2d at 678). Accordingly, "damages under section 39-a [of the Lien Law] may not be awarded unless the lien has been declared void for wilful exaggeration after a trial in an action to foreclose the lien" (Wellbilt Equip. Corp. v Fireman, 275 AD2d 162, 166; see Guzman v Estate of Fluker, 226 AD2d at 678; Joe Smith, Inc. v Otis-Charles Corp., 279 App Div 1, 5, affd 304 NY 684). Under the circumstances, the Supreme Court erred in granting that branch of the petition which was, in effect, for a determination that the amount claimed in the composite mechanic's lien was willfully exaggerated, and thereupon, for a hearing to determine the amount of damages sustained by the petitioners, inter alia, pursuant to Lien Law § 39-a (see generally W & W Glass, LLC v 1113 York Ave. Realty Co. LLC, 113 AD3d 563, 564; Wellbilt Equip. Corp. v Fireman, 275 AD2d at 166-168).
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.

2018-04840 DECISION & ORDER ON MOTION
In the Matter of Matrix Staten Island Development,
LLC, et al., petitioners-respondents, v BKS-NY, LLC,
appellant, et al., respondent.
(Index No. 85029/18)

Motion by the appellant, inter alia, to strike stated portions of the petitioners-respondents' brief, on an appeal from an order of the Supreme Court, Richmond County, dated March 15, 2018, on the ground that they contain matter dehors the record or improperly raise issues for the first time on appeal. By decision and order on motion of this Court dated December 18, 2018, that branch of the motion which is to strike stated portions of the petitioners-respondents' brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the petitioners-respondents' brief is denied as academic.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court