Matter of JT2 Squared Realty, LLC v Interiors by Shelley Stein-Bigajer (2023 NY Slip Op 04591)

Matter of JT2 Squared Realty, LLC v Interiors by Shelley Stein-Bigajer

2023 NY Slip Op 04591

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-05709
 (Index No. 603135/22)

[*1]In the Matter of JT2 Squared Realty, LLC, et al., appellants,
v
Interiors by Shelley Stein-Bigajer, respondent.

Kaufman Friedman Plotnicki & Grun, LLP, New York, NY (Ari Grun of counsel), for appellants.
Jacobowitz Newman Tversky LLP, Cedarhurst, NY (Evan M. Newman and Rachel Wrubel of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Lien Law § 19(6) to summarily discharge a mechanic's lien, the petitioners appeal from an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered July 11, 2022. The order, insofar as appealed from, in effect, denied the petition and directed dismissal of the proceeding.
ORDERED that the order is affirmed insofar as appealed from, with costs.
A mechanic's lien was filed against certain real property. The petitioners commenced this proceeding pursuant to Lien Law § 19(6) to summarily discharge that mechanic's lien. In an order entered July 11, 2022, the Supreme Court, among other things, in effect, denied the petition and directed dismissal of the proceeding. The petitioners appeal.
Lien Law § 19(6) provides that an owner or any other party in interest may apply for an order summarily discharging of record an alleged mechanic's lien for private improvement. "[T]o be summarily discharged, the notice of lien must be invalid on its face" (Matter of Old Post Rd. Assoc., LLC v LRC Constr., LLC, 177 AD3d 658, 659). "When there is no defect on the face of the notice of lien, any dispute regarding the validity of the lien must await the lien foreclosure trial" (id. at 659). "In determining the validity of a notice of lien, the requirements of the Lien Law are to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same" (Matter of Matrix Staten Is. Dev., LLC v BKS-NY, LLC, 204 AD3d 1004, 1005 [citations and internal quotation marks omitted]; see Lien Law § 23; Matter of Malbro Constr. Servs., Inc. v Straightedge Bldrs., Inc., 188 AD3d 1068, 1068).
Here, contrary to the petitioners' contention, the mechanic's lien is not invalid on its face (see Matter of Matrix Staten Is. Dev., LLC v BKS-NY, LLC, 204 AD3d at 1005; Matter of Malbro Constr. Servs., Inc. v Straightedge Bldrs., Inc., 188 AD3d at 1068-1069; Matter of Old Post Rd. Assoc., LLC v LRC Constr., LLC, 177 AD3d at 660). Thus, the Supreme Court properly, in effect, denied the petition to summarily discharge the mechanic's lien and directed dismissal of the proceeding.
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court