**Your Vet 1, LLC v Eastman, Cooke & Assoc., LLC**

2024 NY Slip Op 31140(U)

April 1, 2024

Supreme Court, New York County

Docket Number: Index No. 157678/2023

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. NICHOLAS W. MOYNE
                                                                    *Justice*

-----------------------------------------------------------------X

YOUR VET 1, LLC

                                        Plaintiff,

- v -

EASTMAN, COOKE & ASSOCIATES, LLC,

                                        Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| PART | 41M |
| INDEX NO. | 157678/2023 |
| MOTION DATE | 08/01/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to/for                                        MECHANICS LIEN                    .

Upon the foregoing documents, it is

Petitioner, Your Vet 1, LLC, is seeking an order, pursuant to New York Lien Law § 38, vacating and discharging with prejudice the Mechanic's Lien, in the amount of $716,289.37, filed against Block 142, Lots 1103 and 1104, the property known as 200 Chambers Street, New York, NY. Petitioner is also seemingly seeking an order finding that the Lien was willfully exaggerated and granting the petitioner treble damages, pursuant to Lien Law Section § 39. For the reasons set forth below, petitioner's Verified Petition is granted to the limited extent that the Mechanic's Lien is discharged without prejudice. The remaining portions of the Petition, seeking a determination of willful exaggeration and treble damages, as well as all other requests not expressly granted herein, are denied.

On June 14, 2023, the respondent, Eastman, Cooke & Associates, LLC, filed a Mechanic's Lien against the property alleging the amount of $716,289.37 which remains due and owing. The Notice of Lien indicates that the respondent was employed by petitioner, that respondent furnished or was to furnish materials, or performed or was to perform professional

157678/2023  YOUR VET 1, LLC vs. EASTMAN, COOKE & ASSOCIATES, LLC
Motion No. 001

Page 1 of 5

services, necessary for demolition, millwork, installation of doors/frames/hardware, drywall, carpentry, masonry, tile, flooring, painting, plumbing, bathrooms, HVAC, electrical, fire and smoke alarms, light fixtures, and appliances. The Notice also indicates a contract was made with petitioner and the first item of work was performed and materials were furnished on September 29, 2023, and the last item of work was performed, and materials were furnished on March 6, 2023. Finally, the Lien states that said labor and materials were performed and furnished for and used in the improvement of the real property described therein.

On July 14, 2023, in response to the Lien and pursuant to Section 38 of the Lien Law, petitioner served a demand for an itemized statement on respondent. On July 17, 2023, the demand was received by the respondent and respondent failed to respond. Also on July 14, 2023, the petitioner notified respondent that it disputed the Lien and contested the amount as willfully exaggerated. Therefore, on July 26, 2023, petitioner notified respondent that given the lack of response it would be filing this application to vacate the Lien.

Respondent provided an itemized statement to petitioner, dated August 21, 2023, prior to filing an answer and opposition papers in this action. Accordingly, respondent argues that the petition is now rendered moot as the itemized statement has been provided. Respondent further argues that the petition is pre-mature in that petitioner failed to comply with Lien Law § 38 by first seeking a court order compelling respondent to provide an itemized statement. Finally, respondent argues that a mechanic's lien may not be cancelled and discharged for willful exaggeration absent filing a foreclosure action.

However, in reply, the petitioner asserts that the itemized statement is defective as a matter of law as it fails to comply with the requirements of Lien Law § 38 and asserts that the Lien is invalid on its face, pursuant to Lien Law Section § 19 (6).

**157678/2023 YOUR VET 1, LLC vs. EASTMAN, COOKE & ASSOCIATES, LLC**
**Motion No. 001**

**Page 2 of 5**

[* 2]

2 of 5

Lien Law Section § 38:

Under Lien Law § 38, once a demand for an itemized statement has been made, an itemized statement in writing shall set forth the items of labor and/or material, the value of the material which make up the amount of the lien and set forth the terms of the contract under which such items were furnished (NY Lien Law § 38). Itemization is required only when it is necessary to apprise of the details of the lienor's claim, such as when extra work and materials are claimed or when there is an underlying dispute involving the nature and value of the work performed (*Pineda v AB Painting & Const., Inc.* [NY Sup Ct, New York County 2015]; *Hudson Meridian Const. Group, LLC v ML Woodwork Inc.*, 2022 NY Slip Op 31886[U], 4 [NY Sup Ct, New York County 2022]; *Solow v Bethlehem Steel Corp.*, 60 AD2d 826, 826 [1st Dept 1978] *appeal dismissed* 46 NY2d 836 [1978]). The statement served by the lienor should set forth the description, quantity and costs of various kinds of martials and the details as to the nature of labor, time spent and hourly or other rate of labor charges (*Pineda v AB Painting & Const., Inc.* [NY Sup Ct, New York County 2015]; relying on *819 Sixth Ave. Corp. v T. & A. Assoc., Inc.*, 24 AD2d 446, 446 [1st Dept 1965]).

Petitioner correctly asserts that the itemized statement provided by the respondent fails to comply with the requirements of Section 38. Importantly, the itemized statement fails to include a demonstration of the terms of a contract or agreement between the parties or establish that the petitioner consented to the terms and/or value of the work to be performed. Further, the itemized statement is deficient as it includes broad lump sums and categories, lacks descriptions or specifications for quantities of materials and break-down of labor, fails to substantiate change orders or otherwise show that petitioner knew and approved them, or indicate what has been paid and what remains outstanding. "[T]he statement served by the lienor should set forth the

**157678/2023  YOUR VET 1, LLC vs. EASTMAN, COOKE & ASSOCIATES, LLC**
**Motion No. 001**

description, quantity and costs of various kinds of materials and the details as to the nature of labor, time spent and hourly or other rate of the labor charges" (*819 Sixth Ave. Corp. v T. & A. Assoc., Inc.*, 24 AD2d 446, 446 [1st Dept 1965]). The statement supplied by the respondent is not sufficiently itemized to permit the petitioner to check the claim, and therefore does not meet the requirements of Lien Law § 38 (*125 Broad CHP, LLC v Fine Craftsman Group, LLC*, 2023 NY Slip Op 31549[U], 4 [NY Sup Ct, New York County 2023]; *Matter of DePalo v McNamara*, 139 AD2d 646, 646 [2d Dept 1988]).

Petitioner also contends that the contents of the respondent's Notice of Lien and/or Lien are defective on its face. Lien Law § 19 provides the grounds for which a lien may be summarily discharged, which includes "[w]here it appears on from the face of the notice of the lien that the claimant has no valid lien by reason of the character of the labor or materials furnished and for which a lien is claimed, or where for any other reason the notice of lien is invalid by reason of failure to comply with the provisions of section nine of this article" the party may apply for an order summarily discharging of record the alleged lien (NY Lien Law § 19 [6]). To be summarily discharged, it must be invalid on its face (*JT2 Squared Realty, LLC v Interiors by Shelley Stein-Bigajer*, 219 AD3d 1334, 1335 [2d Dept 2023]).

Petitioner alleges that the deficient response by respondent demonstrates that the Lien is defective on its face, and the court concurs. The respondent failed to establish an agreement or contract with the petitioner, failed to demonstrate that it performed labor or furnished materials at the consent or request of the petitioner, failed to provide proof of payment or consent for the budget, materials, orders and/or work that is claimed, or substantiate that construction or delivery was ever completed (*see* NY Lien Law §§ 3; 9). Further, petitioner has demonstrated the Lien is defective on its face as there was no contract between the parties, the outstanding Lien amount is

**157678/2023  YOUR VET 1, LLC vs. EASTMAN, COOKE & ASSOCIATES, LLC**
**Motion No. 001**

**Page 4 of 5**

4 of 5

unsubstantiated, and the Lien incorrectly states that labor was performed and material were provided beginning on September 29, 2022, and ending on March 6, 2023. Similar to *Your Vet 1, LLC v Eastman, Cooke & Assoc., LLC*, the dates on the Lien and the dates in the supporting documentation provided by respondent conflict with one another, with the dates on the Lien pre-dating all documentation provided in the itemized statement (2023 NY Slip Op 34397[U], 4 [NY Sup Ct, New York County 2023]). Additionally, the Lien does not comply with Lien Law § 9(7) as it is insufficiently verified in that it states that "the statements and matters in paragraphs number 2, 3, 4, 5, 6 and 7 herein are alleged on information and belief" but fails to state that, as to those matters, he believes it to be true (*see Matter of Basso v LO Electric/Oliver*, 46 Misc 3d 1227(A) [Sup Ct Putnam County 2015]). Accordingly, petitioner has shown that the Lien is defective. The court has considered all additional arguments raised by the parties and find them to be unavailing.

Accordingly, it is hereby

ORDERED and ADJUDGED that petitioner Your Vet 1, LLC's Verified Petition is granted to the extent that the Mechanic Lien of respondent, Eastman, Cooke & Associates, LLC, dated June 14, 2023, in the amount of $716,289.37, is discharged without prejudice; and it is further

ORDERED and ADJUDGED that the remainder of the Verified Petition is denied.

This constitutes the decision and order of the court.

| 4/1/2024 | | | NICHOLAS W. MOYNE, J.S.C. | |
|---|---|---|---|---|
| DATE | | | | |
| CHECK ONE: | X CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

157678/2023   YOUR VET 1, LLC vs. EASTMAN, COOKE & ASSOCIATES, LLC          Page 5 of 5
Motion No.  001

[* 5]                                   5 of 5