Butler v Robinson (2025 NY Slip Op 51058(U))

[*1]

Butler v Robinson

2025 NY Slip Op 51058(U)

Decided on July 1, 2025

Supreme Court, Washington County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 1, 2025
Supreme Court, Washington County

Michael Butler, Plaintiff,

against
Richard Robinson, Defendant.

Index No. 2024-37972

Michael Butler, pro se plaintiff.
Kimberly M. Wells, Esq., Glens Falls, for defendant

Robert J. Muller, J.

Plaintiff commenced this action by the filing of a summons and complaint on December 20, 2024 seeking to foreclose on a mechanics lien. The complaint alleges that plaintiff was hired by defendant to install twenty windows and three doors located at defendant's property at 2745 Little Troy Road in the Town of Argyle at a cost of $4,500.00 plus the cost of materials. After plaintiff began the work on November 4, 2024 it was discovered the openings for four windows on the back of the home were too large and the opening for the front door was too small. Through text messages defendant instructed plaintiff to reframe the windows to the proper specs and tear the wall out around the door and rebuild it to the proper size and advised plaintiff he would be paid for these corrections.
On November 9, 2024, plaintiff installed nineteen windows and two of the doors. It was then discovered the opening for the back door was too short. Plaintiff claims defendant then asked plaintiff to remove the installed windows and agreed to pay plaintiff for this additional work. Plaintiff also quoted defendant a price to fix the wall but defendant declined indicating he would have the contractor fix it.[FN1]
Defendant then paid plaintiff $4,700.00 for the installations and $200.00 for materials.
Plaintiff alleges three days later, through text messages, defendant demanded plaintiff come to the home on a Sunday and re-install the windows and install the backdoor. Plaintiff [*2]explained to defendant he does not work on weekends due to the cost of paying his employees overtime but indicated he would return to the site during the week. Plaintiff also mentioned defendant still owed him money from the extra framing and changes he requested. Shortly thereafter, defendant cancelled the check used to pay plaintiff and forbid him from returning to the worksite.
On November 14, 2024 plaintiff returned to the work site accompanied by a New York State Trooper for the purpose of retrieving his tools. During this time, plaintiff alleges defendant acknowledged owing plaintiff extra money and agreed to reinstate the check for $4,700.00. Plaintiff followed up the next day by sending defendant an invoice and asserts defendant blocked him and he was again told not to return to defendant's property. Plaintiff claims to have been damaged in the amount of $6,500.00 and filed a mechanic's lien in the Office of the Washington County Clerk on November 26, 2024.
Defendant now moves, pre-answer, to dismiss the mechanic's lien with prejudice claiming: (1) the petition and notice of intent to foreclose are defective because they are not signed or verified; (2) plaintiff has failed to properly serve the defective documents; and (3) the affidavits of service of those documents are insufficient. Defendant's moving papers and attorney affirmation are void of any citations to applicable statute or case law which would serve as the basis for the motion.
Notwithstanding the above, "Lien Law § 19 (6) provides, with respect to a mechanic's lien for a private improvement, that a court may summarily discharge of record the alleged lien when 'the notice of lien is invalid by reason of failure to comply with the provisions of' Lien Law § 9' " (Matter of Malbro Constr. Servs., Inc. v Straightedge Bldrs., Inc., 188 AD3d 1068, 1068, 132 NYS3d 649 [2020], quoting Lien Law § 19 [6]; see Rivera v Department of Hous. Preserv. & Dev. of the City of NY, 29 NY3d 45, 51, 52 NYS3d 270, 74 NE3d 653 [2017]). "Thus, to be summarily discharged, the notice of lien must be invalid on its face" (Matter of Old Post Rd. Assoc., LLC v LRC Constr., LLC, 177 AD3d 658, 659, 112 NYS3d 254 [2019]). "A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same." (Matter of Malbro Constr. Servs., Inc. v Straightedge Bldrs., Inc., 188 AD3d at 1068, quoting Lien Law § 23, as quoted in Matter of Matrix Staten Is. Dev., LLC v BKS-NY, LLC, 204 AD3d 1004, 1005 [2d Dept 2022])
It is unclear whether defendant contends the mechanic's lien and the petition are defective because they are unsigned and not verified, or the petition alone. Regardless, a review of the Notice of Mechanic's Lien recorded in the Washington County Clerk's Office on November 26, 2024, instrument number L2024-90, is both signed and verified as required by Lien Law §9(7). Likewise, a review of the summons and complaint filed with the Washington County Clerk's Office on December 20, 2024 is also signed and verified by petitioner (see pages 4 and 5).[FN2]

Next defendant contends plaintiff has not properly served defendant. In an action to foreclose on a mechanic's lien, defendant must be served with the notice of mechanic's lien as [*3]well as a summons and complaint or summons with notice. 
Here, the Notice of Mechanic's Lien was filed on November 26, 2024. Service is required either five days before the filing or within thirty (30) days after the filing. (see Lien Law §11). "Failure to file proof of such a service with the county clerk within thirty-five days after the notice of lien is filed shall terminate the notice as a lien." (id.) The Certificate of Service filed by the Washington County Sheriff's Office on December 12, 2024 (instrument number L2024-100) affirms defendant was personally served with the Notice of Mechanics Lien and Intent to Foreclose on December 9, 2024, thereby satisfying Lien Law §11.
Defendant contends the affidavits of service of the summons and complaint do not contain the necessary detail to determine if service was completed appropriately as they do not contain specific times of service or a description of the person served as required by CPLR §§ 306(a) and (b). As relevant here, the Affidavit of Service related to defendant, sworn to on December 23, 2024, states in pertinent part:
"That on 12-23-2024 deponent served the within summons, civil suit, lien notice, verification, RJI, index [number] upon Richard Robinson, Cindy Corlew located at 2714 [L]ittle [T]roy [R]oad [A]rgyle NY 12809.

 X Personal Service: by delivering a true copy of aforesaid documents personally; deponent knew said person/corporation so served to be the person/corporation described".

A proper affidavit of service attesting to personal delivery of summons to defendant ordinarily is sufficient to support finding of jurisdiction, if it is claimed that personal service was effected, however, if there is sworn denial of receipt by defendant, affidavit of service is rebutted, and plaintiff must prove jurisdiction by preponderance of evidence at hearing. (New Island Investors v Wynne, 251 A.D2d 560, (NY App. Div. 2d Dep't 1998).
Here, the affidavit of service is devoid of the requisite factual and descriptive information to show that plaintiff's summons and complaint were delivered to defendant personally or substitute service as it does not state the time of service nor does it describe the person served. (see CPLR §306[a][b]) However, defendant failed to refute the veracity or content of the affidavit of service and his attorney's affirmation conclusory denial of service upon defendant is insufficient. (see In re Shaune TT., 251 AD2d 758, 758-759 [3d Dept 1998] citations omitted). Accordingly, an issue of fact as to the validity of service upon the defendant has been raised requiring a traverse hearing to resolve the threshold issue of personal service.
Thus having considered plaintiff's summons and complaint, notice of mechanic's lien, affidavit of service upon Richard Robinson and Cindy Corlew by David Fournier, certificate of service of the mechanic's lien on defendant by the Washington County Sheriff, defendant's notice of motion seeking dismissal of the mechanic's lien, Affirmation of Kimberly Wells, Esq. and supporting exhibits, and defendant's affirmation is opposition and supporting exhibits, it is hereby
ORDERED defendant's motion to dismiss the mechanic's lien based upon the mistaken assertion the complaint and, or mechanics lien was not signed or verified is denied; and it is further
ORDERED defendant's motion to dismiss the mechanic's lien based upon lack of service upon defendant is held in abeyance pending a determination after traverse hearing; and it is further
ORDERED that the parties are directed to appear at the Warren County Courthouse, [*4]1340 Lake George, New York 12845 on July 23, 2025 at 10:00 am at which time the Court will hear testimony regarding the service of process on defendant; and it is further
ORDERED that any relief not specifically addressed herein has nonetheless been considered and is expressly denied.
The original of this Decision and Order has been e-filed by the Court. Counsel for defendant is hereby directed to serve a copy of the Decision and Order with notice of entry in accordance with CPLR §5513.
Dated: July 1, 2025
Lake George, New York
ROBERT J. MULLER, J.S.C.

Footnotes

Footnote 1:It is not entirely clear from the pleadings whether the wall referred to in paragraph 8 of the complaint is the wall surrounding the front door or back door.

Footnote 2:Defendant attaches an unsigned copy of the complaint as exhibit B to the motion which appears to have been received by the Washington County Clerk's Office on December 19, 2024. However, a review of the electronic filings in the Washington County's IQS system, as well as the Court's paper file containing the original documents, confirms the presence of a signed and verified complaint.